IN RE ASSESSMENT OF K-K APPLIANCE COMPANY.
K-K APPLIANCE COMPANY, A CORPORATION, APPELLANT, V.
BOARD OF EQUALIZATION OF PHELPS COUNTY, NEBRASKA,
ET AL., APPELLEES.

86 N. W. 2d 381

Filed December 6. 1957.   No. 34225.

*Anderson, Storms & Anderson,* for appellant.

*Clarence S. Beck,* Attorney General, *Homer G. Hamilton,* and *Richard E. Person,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from a decree entered by the district court for Phelps County, affirming the action of the county board of equalization in fixing the valuation of plaintiff's property for taxation purposes.

Plaintiff is engaged in the retail sale of gas and electric appliances and liquid propane gas in the city of Holdrege. The fiscal year of the company is from October 1 to September 30. A complete inventory of its merchandise on hand was taken on September 30, 1955. On March 23, 1956, plaintiff filed its personal property tax schedule showing merchandise on hand as of March 1, 1956, in the amount of $11,435, based on the inventory and subsequent purchases and sales. The basic value of the stock of merchandise was fixed at $8,005, the same being computed at 70 percent of cost value under the instructions of the State Tax Commissioner. The county assessor increased the basic value to $13,065 and gave notice thereof to the plaintiff. A complaint objecting to the increase was filed with the county board of equalization. The county board of equalization sustained the increase in valuation and plaintiff appealed to the district court, contending that the increase in valuation was arbitrarily made, that it exceeded the actual value of plaintiff's stock of merchandise, and that it was greatly in excess of the basic value of the property. The trial court affirmed the increased basic value in the amount of $13,065, and plaintiff has appealed to this court.

Plaintiff's evidence shows that its personal property tax schedule covering its stock of merchandise was de-

termined in the following manner: It listed all items in its inventory of September 30, 1955, at its cost value. This produced a total cost value of $29,731. All purchases made subsequent to the closing inventory and prior to March 1, 1956, were calculated and shown on the schedule. Such purchases totaled $53,745. Total sales between the close of the inventory and March 1, 1956, were shown to be $96,054. From this a gross profit of 25 percent was deducted, thereby fixing the net cost of goods sold during the period at $72,041. The book value of the closing inventory and the cost of merchandise purchased thereafter prior to the assessing date amounted to $83,476. From this the net cost of goods sold was deducted, leaving a valuation of $11,435 on March 1, 1956. The county assessor admits that this is a proper method of calculation and the one used by her in valuing stocks of merchandise in Phelps County.

The county assessor raised the basic value of the inventory in the amount of $5,060, which is equivalent to an increase of $7,228 in its cost value. The plaintiff contends that this increase was arbitrarily made and consequently void.

The basis upon which the increase was made was explained by the county assessor as follows: She sent an assistant to plaintiff's place of business to count the appliances on hand. He made no attempt to determine the make, model, quality, size, age, or cost of the appliances. The county assessor determined the value of the appliances for assessment purposes in a manner that is unique in the annals of this court. She testified that she examined advertisements carried in two newspapers, the Omaha World Herald and the Holdrege Citizen. From these she averaged the prices for which such appliances were offered for sale. The average prices thus arrived at she applied to the number of appliances counted by her assistant in plaintiff's place of business. In this manner she determined that 15 ranges had an average valuation of $254, and assessed them at

$3,810. Values of washers, dryers, refrigerators, television sets, and air conditioners were valued in a like manner. By this method she determined that plaintiff's stock of appliances had a taxable value of $15,685. How she reduced the increase into basic value so as to produce an increase of $5,060 in the basic value of the stock of merchandise is not clearly demonstrated by the record. The method employed is not material in any event.

There is a presumption that a board of equalization, in making an assessment, acted upon sufficient competent evidence to justify its action. This presumption disappears when there is competent evidence on appeal to the contrary. Ahern v. Board of Equalization, 160 Neb. 709, 71 N. W. 2d 307. It is fundamental that a county assessor may not act arbitrarily in raising an assessment. The yardstick employed in fixing the valuation of property for tax purposes must be one which reasonably tends to accomplish the purpose of the taxing statutes. If it be shown that the method employed was in fact arbitrary or speculative, having no real relation to the value of the property being assessed, it will not sustain the valuation thus fixed, and renders any raise in the assessment based exclusively thereon entirely void.

A casual examination of the method employed by the county assessor in fixing the actual value of plaintiff's stock of merchandise shows its want of reasonableness in the accomplishment of this result. The yardstick employed was purely an arbitrary one which lacked many vital elements for determining actual value. Any resemblance to actual value resulting from its use would be nothing more than sheer coincidence. Valuations of property for tax purposes cannot be supported by such evidence. We necessarily hold that the raising of the basic value of the property contained in plaintiff's inventory is arbitrary and void, and cannot be sustained.

It is contended that cost value is not the actual value of the stock of merchandise. The decisions of this court

sustain the correctness of this statement. The cost value of a stock of merchandise is, however, some evidence of its actual value and, in the absence of other competent evidence of actual value, is sufficient to sustain a finding that the cost value is the actual value. The county assessor testified that the method employed by the plaintiff was the method generally used in fixing the actual value of stocks of merchandise in Phelps County. The uniformity provision of the Constitution requires that taxes be levied by valuation uniformly and proportionately. Art. VIII, § 1, Constitution. The method employed by the plaintiff in fixing the actual value of its stock of merchandise was in conformity with that used generally by the county assessor of Phelps County. No violation of the constitutional provisions is therefore shown. We necessarily conclude that the only competent evidence of actual value in the record is the cost price established by the plaintiff. We are required to hold in this case that the cost price in the amount of $11,435 is the only evidence of actual value shown by the record. The trial court erred in not so holding.

The complaint filed by the taxpayer before the board of equalization raised the issue that "Item No. 58 business schedule inventory and place of business of corporation of Holdrege, Nebraska * * * is erroneously assessed for the year 1956 at $13,065.00 for the following reasons: This value is in excess of the basic value of said inventory on hand on the assessment date." It is contended that this presents the only issue that can be tried on appeal and that the question of property omitted from the inventory cannot properly be considered. It is the rule that an issue raised before the county board of equalization limits the scope of an appeal taken from the board's ruling thereon. Archer-Daniels-Midland Co. v. Board of Equalization, 154 Neb. 632, 48 N. W. 2d 756. The issue raised in the instant case is whether or not plaintiff's inventory as shown by item No. 58 of the assessment schedule was correctly valued. This raises

the question of the correctness of the inventory as well as whether or not it was given a proper valuation.

The evidence of the plaintiff affirmatively shows that it did not list for taxation certain property which was considered obsolete. The president of the corporation testified that it was the policy of the company not to list items of stock upon which taxes had been paid for a period of 3 years, and that this was the reason for it not being included in the inventory required by item No. 58 of the schedule. We point out, however, that the applicable statute requires that all property in this state, not expressly exempt therefrom, shall be subject to taxation. § 77-201, R. S. Supp., 1955. The obsolete property is therefore subject to taxation and should have been included in the schedule at its actual value. The president of the company testified that this obsolete property was actually worth about $3,000. It should be added to the inventory in that amount.

It is contended that the plaintiff failed to list certain propane gas tanks for taxation. The county assessor listed the tanks and gave them a valuation of $3,870. The inventory listed the tanks and gave them a valuation of $5,469.50. The evidence shows that they were included in the inventory shown as item No. 58 of the assessment schedule. The evidence will not sustain a finding that the tanks were either omitted or undervalued.

There is a further contention that a number of propane gas cylinders with a capacity of one hundred pounds were not listed for taxation. The plaintiff's president and general manager admitted that these cylinders were not included in the inventory nor otherwise listed for assessment. He stated that the company had about 500 of these cylinders which were purchased more than 5 years previous to the assessing date. The secretary of the company testified that the number of cylinders owned by the company could be established by the company's books. She was excused as a witness with

the understanding that she might be recalled to establish the number of cylinders owned by the plaintiff. She was not recalled nor was any other evidence produced as to the number of cylinders on hand on March 1, 1956. There is evidence that the cylinders cost $15.60 each when they were purchased.

The cylinders were not a part of the stock of merchandise. Some were sold, some lost, and some leased to customers who purchased propane gas from the plaintiff. The county assessor testified that she added 20 cylinders to the inventory and fixed their actual value at $5 each. The plaintiff has not shown that the quantity or valuation was incorrect. The plaintiff has therefore failed to sustain the burden of proof on this item. On the other hand, the county board of equalization has failed to show by competent evidence that the plaintiff owned in excess of 20 cylinders on March 1, 1956.

The value of the inventory for tax purposes is listed on the tax schedule as book value. We conclude therefore that the book value of the closing inventory should be increased in the amount of $3,000 for the merchandise described as used or obsolete, and in the further amount of $100 for the cylinders as assessed by the county assessor. The book value of the closing inventory should therefore be shown on the tax schedule as $32,831. This produces a book value as of March 1, 1956, in the amount of $14,535, and a basic value of $10,174.50.

The decree of the district court is reversed and the cause remanded with directions to enter a decree in accordance with the findings of this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.