TERRY CARPENTER, INC., APPELLEE, v. NEBRASKA LIQUOR CONTROL COMMISSION ET AL., APPELLANTS.

120 N. W. 2d 374

Filed March 8, 1963.   No. 35367.

Clarence A. H. Meyer, Attorney General, and Robert R. Camp, for appellants.

Healey & Healey, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

The plaintiff, Terry Carpenter, Inc., a corporation, brought this action in the district court for Lancaster County against the members of the Nebraska Liquor Control Commission, hereafter referred to as the commission, for the purpose of obtaining a declaratory judgment determining that Rule 46 promulgated by the commission be held invalid, void, unenforceable, and unconstitutional, that the plaintiff be entitled to carry on its business without regard to Rule 46, and that the members of the commission each be permanently enjoined from enforcing Rule 46. The trial court rendered judgment in favor of the plaintiff to which a motion for new trial was filed and overruled, and thereafter the trial court rendered a modified judgment wherein it declared and adjudged that Rule 46 promulgated by the Nebraska Liquor Control Commission be declared invalid, void, unenforceable, and unconstitutional insofar as it requires the filing of a price schedule for alcoholic liquors, including beer, and prohibits sale at a lower price; that the

plaintiff be entitled to carry on its business without regard to purported Rule 46; and that the members of the commission, and each of them, be permanently enjoined from enforcing or attempting to enforce Rule 46 insofar as it requires the filing of a price schedule for alcoholic liquors, including beer, requires sale according to price schedule, and limits discounts that may be granted. The commission filed a motion for new trial as to the modified judgment, which was overruled by the trial court. The commission perfected appeal to this court.

The plaintiff is a domestic corporation authorized to do business in this state, with its principal place of business at Terrytown, Scotts Bluff County, Nebraska. It is the holder of a retailer's license for the sale at retail of alcoholic liquors and beer, which was duly issued in accordance with the laws of Nebraska, and is engaged in the retail sale of alcoholic liquors and beer pursuant to its license in the county of Scotts Bluff and the State of Nebraska. The commission is an administrative agency within the meaning of the term as defined in section 84-901, R. S. Supp., 1961. It was created under and by Chapter 53, R. R. S. 1943, and possessed of the general powers described in sections 53-116 and 53-119, R. R. S. 1943, which was admitted to be true at the time the plaintiff's petition was filed on November 28, 1960.

On November 14, 1952, the commission adopted Rule 46 which, insofar as necessary to be considered, provides in substance as follows: This regulation shall apply to sales by all manufacturers, distributors, and wholesalers licensed by the State of Nebraska and pertaining to sales by such manufacturers, distributors, and wholesalers of intoxicating liquors, including beer, to any retailer licensed under the laws of Nebraska. Within 15 days after these regulations become effective, each manufacturer, distributor, and wholesaler must file with the commission, in such form as prescribed by the commission, a complete schedule of all prices to be charged

by such manufacturer, distributor, or wholesaler F.O.B. municipality of shipment for each brand of liquor or beer sold by such manufacturer, distributor, or wholesaler. Such price schedule shall set forth the unit price per case for all such liquor or beer of each brand; the unit price per bottle, or other container, for all liquor or beer of each brand sold in broken-case lots, the size of the bottle or other container to be specified; and any quantity discount to be allowed, which quantity discount, however, shall be within limitations provided by section 7 of these regulations.

Section 7 provides that no quantity discount whatsoever shall be allowed on any sale of intoxicating liquor, including beer, by a manufacturer, distributor, or wholesaler to a retailer except on a sale with a single delivery of more than 10 cases of such intoxicating liquor of the same brand. Such discount shall not exceed 25 cents a case in such sales in excess of 10 cases. In sales of beer in barrels, half barrels, and quarter barrels, such discount shall not exceed 25 cents per barrel regardless of size of such barrels in excess of 10. This discount is allowed on a finding by the commission that the actual savings in handling expense and other items to such manufacturer, distributor, or wholesaler by reason of such quantity sales does not exceed the amount specified herein, that if the basic charges are fair the margin of net profit does not allow a larger discount, and that a larger discount would serve no purpose other than to afford a subterfuge for discrimination as between large and small purchases.

The commission assigns as error that the trial court erred in holding that Rule 46 is void, unenforceable, and unconstitutional; in permanently enjoining the commission from enforcing Rule 46, as it requires the filing of a price schedule for alcoholic liquors; and in admitting evidence offered by the plaintiff as to a competitive situation in Colorado that affects the plaintiff, as to the price of alcoholic liquors in the city of Denver as compared

to prices in Terrytown, and as to the application of Rule 46 between liquor and beer. It is also assigned as error that the judgment of the trial court is not sustained by sufficient evidence and is contrary to law.

On December 15, 1958, the commission held a hearing to consider whether or not Rule 46 should be amended or repealed, at which time individuals representing certain interests appeared before the commission and gave their reasons as to why Rule 46 should be repealed or kept in force.

On January 6, 1959, the commission found that Rule 46 should be retained without change or modification.

Terry Carpenter was the only witness called at the trial of this case which was held on September 27, 1961. He testified that he was associated with Terry Carpenter, Inc., a corporation, as a stockholder and secretary and treasurer of the corporation; that the corporation was originally organized in 1940, with its principal place of business in Terrytown, Scotts Bluff County, Nebraska; that the corporation is engaged in a number of businesses; that the corporation, in its present location which is and has been in the legally incorporated village known as Terrytown, since 1950 has engaged in the sale of alcoholic liquor and beer in accordance with a license legally issued to it; that the trade area served by the corporation would be within a range of 100 miles; that its competition is in the area in which the corporation operates, and it is also competitive to a degree with like dealers in Colorado and other places because of the price situation; that the corporation is located 50 to 75 miles from the border of the State of Colorado; that the trade area extends to Denver, Colorado; that the large retailers in Colorado can sell liquor at retail prices below the prices which the corporation can purchase liquors from the wholesalers; that numerous people, when they go to Denver for some purpose, bring back substantial amounts of liquor because of the price differential; that since 1950 this witness has engaged actively

in the business of the corporation including retail liquor sales; that the State of Colorado does not have a rule such as Rule 46, and wholesalers are free to allow substantial quantity discounts to Colorado retailers subject to federal regulations requiring every wholesaler to make equal offers to every retailer willing to purchase the same quantity; that before Rule 46 was adopted in 1952, Terry Carpenter, Inc., was able to purchase liquors at substantial quantity discounts; and that this corporation has carried on a price policy of selling liquor at a price of cost plus 16 or 17 percent, based on volume sales, compared to 25 percent to one-third for most other dealers.

This witness further testified that before the adoption of Rule 46 by the commission to limit the discount to 25 cents per case for liquor, Terry Carpenter, Inc., was able to obtain a discount of $5 per case in some instances, due to the quantity of liquor purchased, generally 100 cases of mixed brands and various sizes; and that by purchasing in large case loads this corporation was able to get a better price than the retailers who did not purchase in such large quantities.

Appearing in the record is an official Nebraska price list of intoxicating liquors for September 1961, and an advertisement showing the retailers' prices of intoxicating liquors in Denver, Colorado, and the difference in the prices of liquors between Nebraska and Colorado.

The following sections of the statutes are involved in this appeal.

Section 53-119, R. R. S. 1943, provides: "The commission may make such reasonable rules and regulations as may be deemed necessary for the administration of the duties vested in it by the provisions of this act."

Section 53-116, R. R. S. 1943, provides: "The power to regulate all phases of the control of the manufacture, distribution, sale, and traffic in alcoholic liquors, except as specifically delegated in this act, is hereby vested exclusively in the commission."

Section 53-118, R. R. S. 1943, provides in part: "The rules and regulations established by the commission shall include, among such other things as the commission may determine, the following * * * (7) including any and all the other details which are necessary or convenient to the enforcement of the intent, purpose, and requirements of this act."

The commission asserts that the Legislature, in passing the above-mentioned sections of the statutes, was aware that in the field of intoxicating liquor the Legislature was required to delegate and vest discretionary authority in the commission to regulate all phases of the traffic and sales of intoxicating liquors, due to the nature of the product and the problems developed in the administration of the law governing such subject matter.

In this connection, the commission cites Griffin v. Gass, 133 Neb. 56, 274 N. W. 193, wherein this court held: "The Nebraska liquor control commission is empowered, under the provisions of the Nebraska liquor control act, by reasonable regulations, to determine the permissible hours for the sale of beer, regardless of alcoholic content, on secular days, outside the corporate limits of cities and villages."

The commission contends that the right to engage in the sale of intoxicating liquors is not one of the privileges or immunities of citizens of the United States which the states are thereby forbidden to abridge, nor is price fixing, where the public interest is involved, as in the sale of intoxicating liquor, unconstitutional.

In this connection, section 53-149, R. R. S. 1943, is cited, and provides in part: "A license shall be purely a personal privilege, good for not to exceed one year after issuance unless sooner revoked as in this act provided, and shall not constitute property, nor shall it be subject to attachment, garnishment, or execution, nor shall it be alienable or transferable, voluntarily or involuntarily, or subject to being encumbered or hypothe-

cated. Such license shall not descend by the laws of testate or intestate devolution, but it shall cease upon the death of the licensee; * *. *." Therefore, the plaintiff's engagement in the liquor business is a mere privilege, revocable at the will of the commission, by power given by the Legislature, and it cannot be concluded that the price-posting rule has deprived the plaintiff of its property without due process of law.

The commission cites Marsh & Marsh v. Carmichael, 136 Neb. 797, 287 N. W. 616. This case held: "The state, by fixing uniform standards for containers, may take away the right of licensees to sell alcoholic liquors at wholesale in quart bottles, though the effect of such a regulation is to reduce or destroy the value of property formerly used in the traffic therein; nor does such a regulation amount to the taking of private property for a public use or deprive the owners of it without due process of law. * * * The statute creating the Nebraska liquor control commission and authorizing that administrative body to make rules and regulations fixing and determining the nature, form and capacity of all containers used for alcoholic liquors and the order of the commission fixing such standards, though forbidding sales in quart bottles, are valid exercises of the police power and do not violate any provision of the federal or state Constitutions."

It will be observed that the above-cited cases do not in any manner deal with the subject matter of this action and are not applicable thereto.

The commission further contends that the rules and regulations which are not in conflict with the laws as passed by the Legislature are valid, enforceable, and constitutional. The commission cites State ex rel. Nebraska Beer Wholesalers Assn. v. Young, 153 Neb. 395, 44 N. W. 2d 806. This was a mandamus action brought against the members of the Nebraska Liquor Control Commission to require them to revoke Rule 44, particularly paragraphs 3 and 4 thereof. Section 53-168, R.

S. 1943, was involved and, so far as material, prohibited any manufacturer, distributor, or wholesaler of intoxicating liquor from giving, either directly or indirectly, money or anything of value to any retail licensee of intoxicating liquor or to the manager, representative, agent, officer, or director of such licensee. This court remanded the cause with directions to modify the decree, that is, in place of requiring the commission to rescind and revoke paragraphs 3 and 4 of Rule 44, it should permanently enjoin the members of the commission, and each of them, from enforcing them. The court said: "Under section 53-116 and 53-119, R. S. 1943, and 53-118, R. S. Supp., 1949, of the Nebraska Liquor Control Act the commission has the power to regulate all phases of the control of the manufacture, distribution, sale, and traffic in alcoholic liquors, except as otherwise specifically delegated in the act, and for that purpose may promulgate such reasonable rules and regulations as it may deem necessary to carry out the intent, purpose, and requirements of the act.

"However, the commission may not adopt rules and regulations which are in conflict with the act.

"As stated in Griffin v. Gass, 133 Neb. 56, 274 N. W. 193: '* * * the power to regulate must be exercised in conformity with all the provisions of the Nebraska liquor control act, and in harmony with its spirit and expressed legislative intent.' "

The commission cites the above authorities on the theory as to whether Rule 46 is reasonably necessary to carry out the intent, purpose, and requirements of the act; that the fact that the plaintiff desires to purchase large quantities of alcoholic liquor and to secure the same at a price below which its competitors can purchase such items and thereby allowing the plaintiff to undersell its competitors, would not be sufficient to declare the rule invalid; that in order to declare the rule invalid as a matter of law, it would have to be established that it was not reasonably calculated to carry out the pur-

pose of the act; and further that the evidence adduced in the trial court was not sufficient to accomplish that purpose.

The evidence referred to relates to the price of alcoholic liquors in Denver, Colorado. The contention is that the commission's power does not extend beyond the borders of Nebraska, consequently the market price of liquor in Denver, Colorado, has no relevancy to Rule 46 adopted by the commission, and the evidence referred to was inadmissible and prejudicial.

There are cases cited from foreign jurisdictions that the commission contends support its position in the instant case. A review of these cases discloses an entirely different grant of power by the Legislature to the administrative body dealing with the control of alcoholic liquors or the commissioner charged with such duties, as the case may be, than the grant of power to the Nebraska Liquor Control Commission by the Legislature of this state.

The contentions of the commission as they relate to this appeal are not applicable thereto.

The following are pertinent to a determination of this appeal.

The plaintiff contends that Rule 46 is invalid for the reason that the regulation has no relation to any legislative public purpose, and is in excess of any power given to the commission by the Nebraska Liquor Control Act, therefore it is an usurpation by the commission of legislative authority, without the guidance of standards expressed by the Legislature.

There is no legislative standard expressed in the Liquor Control Act which authorizes a mandate of price fixing, and the act expresses no policy of price fixing and furnishes no ascertainable standard authorizing the promulgation of such a policy by this administrative body.

In State ex rel. Johnson v. Chase, 147 Neb. 758, 25 N. W. 2d 1, the court described the limited powers of the

commission as follows: "The officers of the Nebraska Liquor Control Commission carry into effect legislative policies embodied in the statute in accordance with the legislative standard therein prescribed. * * * It is charged with the enforcement of no policy except the policy of law."

The Nebraska Liquor Control Commission owes its existence to an act of the Legislature, but the Legislature, in creating an administrative body, cannot delegate to such administrative body the legislative power which is conferred solely upon the Legislature by the Constitution.

Article II, section 1, of the Constitution of Nebraska, provides: "The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted."

Article III, section 1, of the Constitution of Nebraska, provides in part: "* * * the legislative authority of the state shall be vested in a Legislature consisting of one chamber."

Article XVII, section 6, of the Constitution of Nebraska, provides: "The Legislature shall pass all laws necessary to carry into effect the provisions of this constitution."

Under the separation of powers which inheres in our system of government, legislative power governing the rights and duties of persons is conferred entirely on the elected legislative body.

In Lincoln Dairy Co. v. Finigan, 170 Neb. 777, 104 N. W. 2d 227, this court said: "It is fundamental that the Legislature may not delegate legislative power to an administrative or executive authority. Smithberger v. Banning, 129 Neb. 651, 262 N. W. 492, 100 A. L. R. 686. The Legislature does have power to authorize an administrative or executive department to make rules

and regulations to carry out an expressed legislative purpose, or for the complete operation and enforcement of a law within designated limitations. Such authority is administrative in its nature and its use by administrative officers is essential to the complete exercise of the powers of all departments. State ex rel. Martin v. Howard, 96 Neb. 278, 147 N. W. 689. It is fundamental, also, that in the legislative grant of power to an administrative agency such power must be limited to the expressed legislative purpose and administered in accordance with standards prescribed in the legislative act."

We are unable to find, by an examination of Nebraska cases, any legislative authority granted to the commission to establish a price-fixing policy, nor is there any standard of guidance for the commission to establish any such policy.

The foregoing contention of the plaintiff is sufficient to sustain the trial court's judgment in the instant case. However, we set forth the following contention of the plaintiff which is also applicable.

It is the further contention of the plaintiff that the enactment of price-fixing schemes and the favoring of one method of carrying on business at the expense of another are of doubtful constitutional validity even if established by the Legislature. At any rate, resolution of such controversial questions of policy cannot be left to the unguided decision of an administrative body.

The plaintiff cites State ex rel. English v. Ruback, 135 Neb. 335, 281 N. W. 607, wherein this court held: "The constitutional guaranties of our Bill of Rights contemplate that every person legally possesses the right of acquiring the absolute and unqualified title to every species of property recognized by law, with all rights incidental thereto, and, in connection with the right of personal liberty, it includes the right to dispose of such property in such innocent manner as he pleases, and to sell it at such price as he can obtain in

fair barter." Numerous cases are cited in the opinion sustaining the above proposition.

In Nelsen v. Tilley, 137 Neb. 327, 289 N. W. 388, 126 A. L. R. 729, this court held: "The legislature, under the guise of regulation, may not indulge in arbitrary price fixing, the destruction of lawful competition, or the creation of trade restraints tending to establish a monopoly." This was an action for a declaratory judgment interpreting the statute regulating and licensing the sale of motor vehicles. The court further held: "A provision in a regulatory statute limiting the issuance of a motor vehicle dealer's license for the sale of new cars to persons enfranchised by the manufacturers of new motor vehicles is an unlawful restriction upon the right of a person to adopt and follow a lawful industrial pursuit. * * * A section of a regulatory statute providing that the administrator may deny an application or revoke a license for wilfully discriminating in favor of one purchaser of a motor vehicle against another such purchaser is void for indefiniteness, where the element of wrongful intent is not included, all such wilful discriminations not being of themselves unlawful." The court went on to say: "Certainly, a person may sell his property for any price he cares to sell it for, unless it be accompanied by an intent to accomplish a purpose that is unlawful. If the statute purports to prohibit every wilful discrimination in price, every agreement to furnish services, every allowance of a discount or rebate, and every sale of a motor vehicle at other than a fixed standard price, it conflicts with constitutional restraints imposed on the legislature with reference to the acquisition, ownership and enjoyment of property, and the guaranty that no person shall be deprived of life, liberty or property without due process of law."

The Legislature of Nebraska in 1937 enacted what was designated as the Fair Trade Act. In McGraw Electric Co. v. Lewis & Smith Drug Co., Inc., 159 Neb.

703, 68 N. W. 2d 608, after reviewing certain sections of the act, this court said: "On its face the act is a price-fixing act, not, it is true, one wherein the Legislature itself has assumed to fix prices, but one wherein it delegates to the extent and under conditions named that power without restriction or reservation to private parties.

"This court has said that in the absence of appearance of public interest the Legislature may not itself impose prices. Boomer v. Olsen, 143 Neb. 579, 10 N. W. 2d 507. May it constitutionally confer upon others a right which it does not itself possess?"

The cited case also cites Liquor Store, Inc. v. Continental Distilling Corp. (Fla.), 40 So. 2d 371, wherein it is said: "This statute is, in fact, a price fixing statute. The power to fix the price is vested in an interested person who is not an official. There is no review of his act. He is required to consult with no one and in no sense is required to take into consideration the cost of the article or the reasonableness thereof."

Rule 46 in the instant case is subject to the same objection heretofore mentioned. The manufacturer, distributor, or wholesaler is given complete and absolute power to fix prices in the first instance, without regard to reasonableness. Those prices so fixed are then wholly immunized from the forces of competition by the commission's rule. The rule precludes a retailer from the exercise of free bargaining with respect to the prices he will pay. And the rule even prevents the manufacturer, wholesaler, or distributor from revising prices from time to time in view of situations caused by competition, except by justifying the change on the basis of cost, experience that the price previously charged was insufficient or excessive, etc., supported by proper data. In essence, the buyer is precluded from having any voice in making contracts for the goods it is to buy.

The conclusion must be reached that Rule 46 is a price-fixing rule pure and simple, and doubtless the

purpose of the rule was to protect the little retailer from the volume dealer, in other words, to favor the small dealer over the volume seller by nullifying the natural competitive advantage of volume sales.

With reference to the contention made by the commission relating to certain evidence as being inadmissible, which is heretofore summarized, the following rule is applicable: "In a case tried to the court, either in law or in equity, the presumption obtains that the trial court in arriving at decision considered only such evidence as was competent and relevant, and this court will not reverse a case so tried because other evidence was admitted, if there is sufficient competent and relevant evidence in the record to sustain the judgment." Pierce v. Fontenelle, 156 Neb. 235, 55 N. W. 2d 658. See, also, Omaha Paxton Hotel Co. v. Board of Equalization, 167 Neb. 231, 92 N. W. 2d 537.

Even without such evidence, the judgment of the trial court is amply supported.

In the light of the foregoing, other assignments of error raised by the commission need not be discussed.

For the reasons given in this opinion, we conclude that the judgment of the trial court should be affirmed.

AFFIRMED.

CARTER, J., not participating.