REQUESTED BY: Senator Karen Kilgarin Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Kilgarin:
We have carefully examined the provisions of LB 355 and particularly the effect of section 2, as amended. This section provides:
 Sec. 2. For purposes of sections 1 to 4 of this act, published monthly average shall mean a monthly bond yield average which is:
 (1) Published by a national financial statistical organization;
 (2) Recognized by the National Association of Insurance Commissioners;
 (3) In current general use in the insurance industry; and
 (4) Designated by the Director of Insurance.
Section 3(2) of said bill then provides that the rate of interest which may be charged on a policy loan shall not exceed the higher of (a) the published monthly average for the calendar month ending two months before the date on which the rate is determined or (b) the rate used to compute the cash surrender values of the policy plus one percent per annum.
It may thus be seen that the maximum rate of interest which may be charged for a policy loan may well be the published monthly average as defined in the bill.
Article II, Section 1, of the Nebraska Constitution provides:
 The powers of the government of the state are divided into three distinct departments, the Legislative, Executive and Judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted.
Article III, Section 18, of the Constitution provides in part:
 The Legislature shall not pass local or special laws in any of the following cases, that is to say:
. . . .
 . . . Provided, that notwithstanding any other provisions of this Constitution, the Legislature shall have authority to separately define and classify loans and installment sales, to establish maximum rates within classifications of loans or installment sales which it establishes, and to regulate with respect thereto. In all other cases where a general law can be made applicable, no special law shall be enacted.
In Terry Carpenter, Inc. v. Nebraska Liquor ControlCommission, 175 Neb. 26 (1963), the Supreme Court of Nebraska, citing with approval Lincoln Dairy Co. v.Finigan, 170 Neb. 77, stated:
 "It is fundamental that the Legislature may not delegate legislative power to an administrative or executive authority. Smithberger v. Banning, 129 Neb. 651, 262 N.W. 492, 100 A.L.R. 686. The Legislature does have power to authorize an administrative or executive department to make rules and regulations to carry out an expressed legislative purpose, or for the complete operation and enforcement of a law within designated limitations. Such authority is administrative in its nature and its use by administrative officers is essential to the complete exercise of the powers of all departments. State ex rel. Martin v. Howard, 96 Neb. 278, 147 N.W. 689. It is fundamental, also, that in the legislative grant of power to an administrative agency such power must be limited to the expressed legislative purpose and administered in accordance with standards prescribed in the legislative act.'
In the present case the Director of Insurance is given the authority to designate the national financial statistical organization which publishes a monthly bond yield average. His guidelines are that this organization must be recognized by the National Association of Insurance Commissioners and in current general use in the insurance industry.
We assume that a `monthly bond yield average' is nothing more than a mathematical computation from bond yields and that since the organization is a national one recognized by the National Association of Insurance Commissioners and in current general use that it would cover a broad enough base to be an accurate reflection of national bond yields. We further presume that any organization which the Insurance Director could designate as qualified by the above language would be so based and be an accurate reflection of bond yields.
Assuming that such facts could be established, we are of the opinion that we could successfully defend the constitutionality of the above provisions. In other words, we think the Legislature has sufficiently established the maximum rates for the loans as required by Article III, Section18, of the Nebraska Constitution and that this delegation to the director is sufficiently limited by standards that it is not an unlawful delegation of legislative authority.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General