REQUESTED BY: Senator Peter Hoagland Nebraska State Senator State Capitol Building Lincoln, Nebraska 68509
Dear Senator Hoagland:
By letter dated March 23, 1981, you submitted to this office a request for an opinion on the constitutionality of section 19 of LB 253 currently pending before the Legislature. LB 253 would authorize the imposition of an annual litter fee on grocery retailers and on food, beverage, liquor, wine, and beer retailers who sell such products for consumption off premises. Section 19 of the bill purports to authorize a reduction of the fee assessed against any particular retailer when certain circumstances exist.
Essentially, the bill delegates to the Department of Revenue the task of determining whether a reduction in the litter fee is appropriate in any particular instance. It provides only that in requesting such a reduction, a retailer is required to provide information concerning (a) the nature of the business, (b) annual gross proceeds from the sales of products specified above, and (c) such other circumstances as may warrant a reduction in the litter fee. However, no specific circumstances relevant to a fee reduction request are identified, nor are any general standards set out clarifying what general kinds of consequences section 19 is intended to avoid. Apparently, these matters are left to the judgment of the Department of Revenue. We conclude that section 19 thereby amounts to an unconstitutional delegation of legislative power to that department.
It is a fundamental constitutional principle that in granting power to an administrative agency to implement an act, the Legislature itself must provide clear and sufficient standards reflecting the purpose and limitations of the act which serve as the framework for the agency rules and regulations. So long as the legislative act has clearly designated limitations and standards, empowering an administrative agency to implement the act is permissible. See,State ex rel. Douglas v. Nebraska Mortgage Finance Fund,204 Neb. 445 (1979), and Terry Carpenter, Inc. v. NebraskaLiquor Control Commission, 175 Neb. 26 (1963).
Here, we can find no such standards. It occurs to us that section 19 of the bill may reflect an attempt to shield more financially precarious retailers from undue consequences of the litter fee, but neither this concern nor that for any other consequence of the litter fee is expressed in section 19, or is able to be inferred. This is the responsibility of the Legislature, not the Department of Revenue.
Yours truly, PAUL L. DOUGLAS Attorney General Shanler D. Cronk Assistant Attorney General