REQUESTED BY: Senator John DeCamp Nebraska State Legislature 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have requested an opinion from this Office concerning several portions of LB 234, which is described as the Title Security and Vehicle Theft Prevention Act. This particular Act deals with applications for title made on foreign titles which are brought into the State of Nebraska. The bill requires that a physical inspection be made on these vehicles to compare the vehicle identification numbers with the number listed on the ownership documents.
This legislation requires that the inspection be made by the county sheriff of the county in which application is made, `or his or her designee.' You have asked in particular whether the language concerning the sheriff's `designee' would render this legislation unconstitutional because of an impermissible delegation of authority.
We would direct your attention also to section 3 of LB 234 which provides that:
 There is hereby created the Title Security and Vehicle Theft Prevention Fund which shall be maintained by the State Treasurer as a cash fund and shall be administered by the Director of Motor Vehicles.
 The funds shall be used to defray the expenses of training personnel, as determined by the Department of Motor Vehicles, in title document examination, vehicle identification, and fraud and theft investigation. Such personnel may include, but shall not be limited to
county clerks, investigative personnel of the Nebraska Motor Vehicle Industry Licensing Board, and peace officers mentioned in section 39-6,192.
It is well established that under the doctrine of separation of powers, legislative power governing the rights and duties of persons is conferred entirely on the elected legislative body. Terry Carpenter, Inc. v. Nebraska Liquor ControlCommission, 175 Neb. 26, 120 N.W.2d 374 (1963). It is fundamental however that `in the legislative grant of power to an administrative agency such power must be limited to the express legislative purpose and administered in accordance with standards prescribed in the legislative act.' LincolnDairy Company v. Finigan, 170 Neb. 777, 104 N.W.2d 227
(1960). From a reading of the language contained in LB 234, it would appear that the grant of authority to both the Department of Motor Vehicles and the county sheriffs is an impermissible delegation of authority to an administrative agency. Limitations of the power granted and the standards by which the granted powers are to be administered must be clearly and definitely stated in the authorizing act. Id.
In this particular bill, there is no limitation as to the class of individuals who could be designated by the sheriff to perform inspections. Neither is there any language which expressly requires that these individuals to be trained and certified by the Department.
Secondly, you have directed our attention to a complete exemption in the Act. The proposed amendment requires that `an application for a certificate of title shall include a statement that an identification inspection has been conducted on the vehicle unless . . . the application for a certificate of title contains a statement that such vehicle is to be registered under section 60-305.09, or unless otherwise exempted by the Department of Motor Vehicles.' It is our opinion that the language `or unless otherwise exempted by the Department of Motor Vehicles' is constitutionally suspect for the same reason set forth above concerning an impermissible delegation of legislative power to an administrative agency.
The exemption for vehicles registered under § 60-305.09 presents a slightly different problem. Article III, Section18, of the Constitution of the State of Nebraska provides that `The Legislature shall not pass local or special laws in any of the following cases, that is to say: `. . . Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever; . . .' As a general rule, exemptions contained in a legislative act cannot be justified if the exception made has no reasonable relation to the purpose of the act in which it is found. United States Cold Storage Corporation v.Stolinski, 168 Neb. 513, 96 N.W.2d 408 (1959). It would appear that the general purpose of LB 234 is to require a physical inspection on all vehicles which are brought in from a foreign state when application for title is made. In order for a statute to be general and uniform throughout the state, it must operate alike on all persons of a class with reference to relations and circumstances provided for.State Securities Company v. Ley, 177 Neb. 251,128 N.W.2d 766 (1964). Vehicles registered under § 60-305.09 are vehicles operated in interstate commerce pursuant to proportional registration. We can find no rational basis for excluding these vehicles from the operation of LB 234. Similar statutory exemptions were addressed in State v.Edmunds, 211 Neb. 380, 318 N.W.2d 859 (1982). There, the Supreme Court addressed the constitutionality of the motor vehicle inspection statute. While the Court found that the exemption contained for vehicles registered under 60-305.09 was rationally based on a substantial change in circumstance, we do not feel that this rationale applies to the instant situation. Basically, these vehicles are subject to federal regulations on safety and maintenance under the Department of Transportation regulations. Therefore, the exemption from inspection was considered to be valid. We find no rationale which would support an exemption from the requirements of LB 234 regarding physical inspection of foreign vehicles when application for title is made.
It should be noted, however, that the vehicles registered under § 60-305.09 are operating in interstate commerce. As such, individual vehicles forming part of a fleet operation may or may not be in the State of Nebraska at any given time. Consequently, it could be argued that to require these vehicles to be brought to the State of Nebraska for a physical inspection prior to titling and registration
would constitute an impermissible burden on interstate commerce. While it might be constitutionally valid to provide an alternative method for dealing with these vehicles, we feel that their total exemption from LB 234 is constitutionally suspect.
Your other questions deal with the administration of the cash fund which is created to defray the expenses of training personnel as well as the use of the fund for fraud and theft investigation. You have asked whether or not the sheriff or any designee would have to be trained before they would be authorized to meet the requirements of the inspection certification. We would point out several ambiguities. The amendment to subsection 7 of § 60-102 provides that: `An application for a certificate of title shall include a statement. . .' It further provides that: `Such statement shall be furnished by the county sheriff of the county in which application is made, or his or her designee, . . .' We do not find specific language indicating that the inspection must be done by the sheriff or his or her designee. It may be inferred, but it is not clear. Additionally, it is not apparent whether or not these individuals must be trained prior to performing the inspections. Section 3 of the bill provides that the fund will be used to defray the expenses of training personnel `as determined by the Department of Motor Vehicles.' It further provides that `Such training program shall be administered by the department.' However, the Department's responsibility for providing training does not commence until June 30, 1984. Therefore, it is not clear whether or not these individuals must be trained prior to inspection.
You have also posed a question concerning claims which may be made on this cash fund. The applicable language concerning this is as follows: `The fund shall be used to defray the expenses in training personnel, as determined by the Department of Motor Vehicles, in title document examination, vehicle identification, and fraud and theft investigation. . . . The department may make expenditures from the fund necessary to implement such training.' It is our opinion that the fund may only be used for the purposes oftraining personnel in the areas of title document examination, vehicle identification, and fraud and theft investigation. We do not feel that claims could be made from county sheriffs, county clerks, or members of the Industry Licensing Board for fraud and theft investigation. Rather, the express language limits the use of the fund to the training of personnel by the Department of Motor Vehicles.
Very truly yours, PAUL L. DOUGLAS Attorney General Ruth Anne E. Galter Assistant Attorney General