BALI HAI', INCORPORATED, ALSO KNOWN AS BALI HAI',
APPELLANT, V. NEBRASKA LIQUOR CONTROL COMMISSION,
AN ADMINISTRATIVE AGENCY OF THE STATE OF NEBRASKA,
ET AL., APPELLEES.
236 N. W. 2d 614

Filed December 18, 1975. No. 39862.

(1)

Arthur R. Langvardt of Bauer, Galter & Geier, for appellant.

Charles D. Humble, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The appellant appeals from a District Court judgment affirming an order of the Nebraska Liquor Control Commission, which in turn affirmed the order of the City of Lincoln revoking appellant's retail Class C liquor license because of the failure to operate as a retail liquor licensee. We affirm the judgment and the order of the District Court.

The assignments of error assert that section 6.08.280 of the Lincoln municipal code, authorizing such a revocation as herein ordered, is in conflict with the state statute and an invalid exercise of the police power by the City of Lincoln; and that the appellant was deprived of due process by the procedures used and the provisions followed in the revocation of its license.

The appellant was issued a Class C liquor license for premises in Lincoln, Nebraska, for the license year commencing May 1, 1971. The appellant remained voluntarily closed and never opened for business as a retail liquor licensee from May 1, 1971, through December 6, 1971. On June 1, 1971, the appellant, through its attorney, made a written request to remain voluntarily closed for an indefinite period of time. On June 28, 1971, the Lincoln city council adopted a resolution denying the request of the appellant and directed the police

chief to take up the appellant's license. The appellant's liquor license was not taken up by the police chief.

At the request of the appellant, through its attorney, a special meeting of the city council was held on July 26, 1971, to conduct a hearing on the appellant's request to remain closed for a definite period of time. During the course of the hearing, the appellant, speaking through its president, appeared and presented evidence. The appellant was also represented by its attorney who requested an extension of time, expressed in a specific number of days, for the appellant to remain closed. At this hearing the city council by unanimous vote rescinded its previous action and granted the request of the appellant's attorney, giving the appellant the right to be closed for 90 days from July 26, 1971.

The appellant failed to operate as a retail liquor licensee within the 90-day period, and on December 6, 1971, another hearing was granted by the city council at a special meeting convened for that purpose. At this hearing, the appellant appeared, presented evidence, and was granted the right to cross-examine witnesses. The appellant's president testified that the reason she remained closed was her failure to locate a suitable lessee to help her run the business. The city council found that the appellant had remained voluntarily closed as a liquor licensee from the date of the last hearing until December 6, 1971, and adopted a resolution revoking the appellant's liquor license under the authority of section 53-134(1), R. R. S. 1943, for failure to comply with section 6.08.280 of the Lincoln municipal code.

Section 6.08.280 of the Lincoln municipal code provides that: "Any liquor licensee whose licensed premises shall be and remain voluntarily closed for ten consecutive days shall be deemed to have elected to discontinue his business under such license and the chief of police shall obtain and take up such license and deliver it to the city clerk of the city of Lincoln for cancellation, or recommend its cancellation by the State

Liquor Control Commission; provided, however, this shall not apply if the licensee shall make application to the city council within such ten day period for permission, for good cause, to remain closed for a definite period, and provided the city council shall grant such permission; and provided further, that this section shall not apply in case the licensee's place of business remains closed as a result of the licensee's physical disability or as a result of closing for necessary alterations or repairs."

The contention of the appellant is that the City of Lincoln in enacting and enforcing in this case, section 6.08.280 of the Lincoln municipal code as set out above, went beyond its powers under the Liquor Control Act, therefore, the ordinance was invalid and the action thereunder is void.

The appellant argues the broad sweep of the language of section 53-116, R. R. S. 1943, which provides: "The power to regulate all phases of the control of the manufacture, distribution, sale, and traffic in alcoholic liquors, except as specifically delegated in this act, is hereby vested exclusively in the commission." Section 53-118(4), R. R. S. 1943, grants to the Liquor Control Commission authority to make rules and regulations determining for what violations of the rules or regulations licenses shall be suspended or revoked. The appellant's argument, if carried to its logical conclusion, would clearly prohibit any and all regulatory ordinances of the liquor business by a municipality. This argument and this question have been before this court before, and an extensive review of the rationale of our previous holdings will not be indulged in. The question was laid to rest in Phelps, Inc. v. City of Hastings, 152 Neb. 651, 42 N. W. 2d 300. Our holding in that case affirmed the power of a municipal corporation to enact regulatory ordinances of the liquor traffic so long as they were not in direct conflict with a state statute, in which case, the statute is the superior law. In Phelps, Inc. v. City

of Hastings, *supra,* this court held: " 'The mere fact that the state, in the exercise of the police power, has made certain regulations does not prohibit a municipality from exacting additional requirements. So long as there is no conflict between the two, and the requirements of the municipal bylaw are not in themselves pernicious, as being unreasonable or discriminatory, both will stand.' "

It must be conceded that nowhere in the Liquor Control Act is there a provision that failure to actively use a liquor license for a prescribed period shall *not* be a cause for a license forfeiture. It is apparent, therefore, under the holding in the Phelps case, that the additional regulation as to nonuse and forfeiture were additional requirements, not in conflict with the state statute, and therefore the City of Lincoln was not precluded from enacting and enforcing section 6.08.280.

We agree with the appellant that exclusive power in this area is granted to the Liquor Control Commission under the sections of the state statute above referred to. But, not having exercised its power in the area covered by the city ordinance, the state has not preempted the field and it is left open to local regulatory legislation. The appellant argues that the Liquor Control Act is only concerned with regulating "traffic in alcoholic liquors" while the particular ordinance under attack deals with the "non-traffic" of alcoholic beverages. Such a simplistic and restrictive reading of the term "traffic in alcoholic liquors" will not stand against the obvious intent of these terms as they are used in the Liquor Control Act. Regulating the traffic in liquors involves not just prescribing who may sell liquor and under what conditions, but conversely, who may not, and under what circumstances the right to sell liquors may be forfeited. The action of the Lincoln city council in enacting section 6.08.280 was clearly within its local regulatory powers that have not been preempted by a state statute or a valid regulatory order of the Nebraska Liquor Control

Commission. The contention of the appellant is without merit.

The appellant contends that section 6.08.280 cannot be sustained as an exercise of the general police power because it serves no conceivable public policy. This court has held that the power to regulate and control traffic in liquor necessarily confers the powers to refuse a license or limit the number of licenses to be granted. Allen v. Nebraska Liquor Control Commission, 179 Neb. 767, 140 N. W. 2d 413.

The power to refuse a liquor license and to determine the number of licenses to be granted and to require their active operation represents a balance struck between two interests: The prevention of the many evils attached to the widespread and unlimited distribution of alcoholic beverages on the one hand, and the public demand for the sale of alcoholic liquors on the other. In other words, the public has a legitimate interest in maintaining the number of active licensees so that it does not drop below what the local governing body has determined to be the most beneficial for the welfare of the locality. Effective preservation of the necessary competition in the sale of the product and the proper serving of geographical areas within the municipal limits are only two of the public policy considerations that obviously support the enactment of the ordinance under question. There is no merit to the contention that the enactment of section 6.08.280 does not serve some public policy interest.

The appellant strenuously contends that the ordinance under question is unconstitutional because it contains no provisions for notice and hearing and that therefore the revocation of its license deprived it of due process of law. There are at least two answers to this contention. The record here reveals that the appellant requested and was granted a hearing with reference to the revocation of its license on July 26, 1971. As a result of this, the action of the city to revoke was continued for 90 days. At the December 6, 1971, hearing

the appellant was allowed to present evidence and to cross-examine witnesses. Having actually been afforded due process in all its traditional trappings, the appellant cannot now claim a denial of the same simply because the ordinance did not require it on its face. This court will not declare a statute or ordinance unconstitutional at the suit of one who is not injuriously affected thereby. State ex rel. Herbert v. Anderson, 122 Neb. 738, 241 N. W. 545; Hanson v. City of Omaha, 157 Neb. 403, 59 N. W. 2d 622.

The appellant seeks to apply, in its due process argument, the holding in Bell v. Burson, 402 U. S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90. In that case the Supreme Court of the United States held that the due process clause of the Fourteenth Amendment was applicable to state action suspending or revoking vehicle operators' licenses. Assuming that the caveat of Bell applies, Bell itself states that the due process required is sufficient if it affords " 'notice and opportunity for hearing appropriate to the nature of the case' *before* the termination becomes *effective*." In other words, the rationale of Bell is the requirement that a notice of a hearing be granted before the deprivation is made final. The authority of the city, under our statute, is "subject to the right of appeal to the Liquor Control Commission." Specific procedures are detailed for such appeal. See, §§ 53-134(1), and 53-1,115, R. R. S. 1943. It is clear, under our statutory scheme, that the action of a municipal body revoking the liquor license is not final or effective until that body's action is either affirmed by the Liquor Control Commission on appeal, or until the licensee has acquiesced by failing to take an appeal. Not only was the appellant present and fully represented at both the July 26, 1971, and the December 6, 1971, hearings before the city council, but the appellant appealed the action of the Lincoln city council to the Nebraska Liquor Control Commission, received a hearing before that body, and was represented by its attorney at that

hearing. There is no contention in this record that actual notice and all the requisites of due process were not in fact accorded to the appellant. We further point out that under our state statute, section 53-149, R. R. S. 1943, a liquor license is a purely personal privilege, does not constitute property, and vests no property rights in a licensee. In Safeway Stores, Inc. v. Nebraska Liquor Control Commission, 179 Neb. 817, 140 N. W. 2d 668, this court stated as follows: "The right to engage in the sale of intoxicating liquors involves a mere privilege; and restrictive regulations or even a suppression of the traffic do not deprive persons of property without due process of law, violate the privileges or immunities clause, the due process clause, the uniformity provisions, nor, unless they contain irrational classifications or invidious discriminations, the equal protection of the law as prohibited by the state and federal Constitutions."

The judgment of the District Court affirming the actions of the Nebraska Liquor Control Commission and the city council is affirmed.

AFFIRMED.