CASEY'S GENERAL STORES, INC., APPELLANT, V. NEBRASKA
LIQUOR CONTROL COMMISSION, APPELLEE.
369 N.W.2d 85

Filed June 14, 1985. No. 84-459.

Roy A. Sheaff and John F. Sheaff of Sheaff Law Offices, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The appellant, Casey's General Stores, Inc., has appealed the decision of the district court which had dismissed its appeal from the Nebraska Liquor Control Commission's order denying its application for an off-sale retail beer license. We reverse.

Casey's is a chain of convenience stores which sells a wide range of grocery items, health and beauty aids, hardware items, and gasoline. It operates a store in Stanton, Nebraska, as well as in Beatrice and Albion, at which latter two locations it possesses retail beer licenses. Its application for a beer license in Stanton, the subject of this appeal, was denied because of Neb. Rev.

Stat. §§ 53-124.01 et seq. (Reissue 1984), which prohibit a person from acquiring a beneficial interest in more than a total of two alcoholic beverage retail licenses. However, excepted from that prohibition are licenses

> (1) issued to any city of the primary or metropolitan class to be used in city-owned facilities open to the public; (2) issued to a person for use in connection with the operation of a hotel containing at least twenty-five sleeping rooms; (3) issued to a person for use in connection with the operation of a bowling establishment containing at least twelve bowling lanes; (4) restricted to on premise sale of beer only in a restaurant; or (5) issued to a person for use in connection with the operation of a restaurant having food sales of at least sixty per cent of its total gross sales, except that any license issued under this subdivision shall restrict consumption of alcoholic liquors to on the premises only.

§ 53-124.03.

In its assignments of error Casey's raises several constitutional questions. Because it is dispositive of this appeal, we need discuss only the claim that the legislative section, as well as the corresponding ordinance of the city of Stanton, denies to Casey's equal protection as provided for in the fourteenth amendment of the U.S. Constitution and article I, § 1, of the Nebraska Constitution.

Casey's points to the various legislative exemptions obtained by various special interest groups and claims that the legislation creates a discriminatory classification which is unjustified and arbitrary.

A legislative classification must operate uniformly on all within a class which is reasonable. Exemptions are allowed where they are made applicable to all persons of the same class similarly situated. *State ex rel. Meyer v. Knutson*, 178 Neb. 375, 133 N.W.2d 577 (1965).

The commission urges that the classifications in §§ 53-124.02 and 53-124.03 are valid based on substantial differences as enunciated in *Safeway Stores, Inc. v. Nebraska Liquor Control Commission*, 179 Neb. 817, 140 N.W.2d 668 (1966). There, the court upheld as constitutional the 1963

version of § 53-124.03 which granted exemptions to the two-license limit to hotels having more than 25 sleeping rooms. The court found there was a substantial difference between such hotels and chain supermarkets seeking the same exemption.

> The primary issue is whether or not justification exists for exempting hotels with more than 25 sleeping rooms from the limitation of two licenses per person, contained in the act. The hotel is associated with the traveling public seeking a place where it might find lodging, food, and refreshment. The sale of alcoholic beverages is traditionally a part of the hotel business. The cocktail, the drink during the meal, the after-dinner drink, and the nightcap in the room are matters which the Legislature may consider, none of which are ordinarily associated with the chain-store operator. The chain-store operator with his ability to purchase in quantity and undersell the individual small liquor store retail operator can well produce conditions against the public interest in his competition with the small-store operator. Protection of the small package liquor licensee against the competition of multiple licensed operators is in the public interest. *It is the province of the Legislature in mitigating the evils of competition between small retail operators and chain stores to so regulate in the public interest. The uncontrolled tendency toward monopoly, or at least the tendency to concentrate liquor licenses in the hands of a few, is a proper subject of legislation.* The hotel has such differences in the operation of its business from that of the chain store that the basis exists for its exclusion from the limitation of two licenses per person. The exemption of present holders of multiple licenses from the limitation of the number of licenses in the hands of a single entity is also a reasonable one which the Legislature in its wisdom may grant or refuse.

(Emphasis supplied.) *Id*. at 822, 140 N.W.2d at 672.

The court found a valid public purpose in curbing a threatened monopoly of the liquor business by chain stores as tending to promote the state policy favoring trade stability and

temperance. *Safeway Stores, supra; Grand Union Co. v. Sills*, 43 N.J. 390, 204 A.2d 853 (1964). As the classification was neither irrational nor invidiously discriminatory, there was no equal protection violation.

Since the holding in *Safeway Stores, supra*, there have been several additional exemptions added to § 53-124.03: for restaurants serving beer only (1973), cities of the primary or metropolitan class (1975), bowling alleys with at least 12 lanes (1978), and restaurants having food sales of at least 60 percent of their gross sales (1979). In light of these further exemptions, and recent case law in related areas, the thinking in *Safeway Stores* is no longer persuasive.

A regulation valid when made may become arbitrary by reason of later events. *Abie State Bank v. Bryan*, 282 U.S. 765, 51 S. Ct. 252, 75 L. Ed. 690 (1931); *Hubbell Bank v. Bryan*, 124 Neb. 51, 245 N.W. 20 (1932); *State v. Nevins*, 611 P.2d 251 (Okla. Crim. 1980).

The present exemptions allow large chain hotels and restaurants to hold more than two liquor licenses, as well as cities and bowling alleys. These numerous exemptions render obsolete the original argument of limiting liquor licenses to protect local Nebraska operations. See Miscellaneous Subjects Committee Hearing, L.B. 58, 86th Leg., 1st Sess. (Jan. 18, 1979).

Also, the number of exemptions flies in the face of the policy that by limiting the number of licenses temperance is fostered. As pointed out by Senator Koch in the 1979 committee hearing to exempt restaurants, "it is difficult to see . . . a direct relationship between who actually has an interest in a liquor license and the volume of its consumption." Miscellaneous Subjects Committee Hearing, *supra* at 1.

There is no rationale for treating a chain restaurant, such as Pizza Hut, any differently from a chain of convenience stores, such as Casey's. At either one a person may purchase food as well as alcohol, and both would require proof of legal age in order to purchase alcoholic beverages. The only distinction is that the alcoholic beverages purchased at the convenience store will be drunk off the premises. This difference, however, presents no distinctive corollary to furthering temperance, as

an individual may drink as much in a private restaurant as he may at home or elsewhere.

Further, the lifting of the two-license limit does not open wide the door to a flood of liquor licenses. Every applicant must still file an application, establish capability for handling such responsibility, and meet with liquor control approval before a license is granted. See Miscellaneous Subjects Committee Hearing, *supra* at 5 and 14-15. Section 53-132(2)(d) demonstrates that the issuance of the license is required by the present or future public convenience and necessity.

Finally, the original policy of favoring local businesses to avoid chain store monopoly of the liquor industry flies in the face of recent case law denouncing legislative attempts to destroy lawful competition. *Finocchiaro, Inc. v. Nebraska Liq. Cont. Comm.*, 217 Neb. 487, 351 N.W.2d 701 (1984); cf. *Halbert v. Nebraska Liquor Control Commission*, 206 Neb. 687, 294 N.W.2d 864 (1980). "The Legislature, under the guise of regulation, may not indulge in . . . the destruction of lawful competition." *Finocchiaro* at 491, 351 N.W.2d at 704; *Terry Carpenter, Inc. v. Nebraska Liquor Control Com.*, 175 Neb. 26, 120 N.W.2d 374 (1963); *Nelsen v. Tilley*, 137 Neb. 327, 289 N.W. 388 (1939); *Lincoln Dairy Co. v. Finigan*, 170 Neb. 777, 104 N.W.2d 227 (1960); Miscellaneous Subjects Committee Hearing, *supra* at 15.

It is the obligation of the judiciary to declare a statute invalid where it arbitrarily and unreasonably violates the Constitution. *State, ex rel. Ralston, v. Turner*, 141 Neb. 556, 4 N.W.2d 302 (1942).

Here, as the classifications in §§ 53-124.02 and 53-124.03 and Stanton city ordinance No. 362 treat classes similarly situated differently without substantial justification, the statutes violate equal protection under the fourteenth amendment of the U.S. Constitution and article I, § 1, of the Nebraska Constitution.

The actions of the commission and the district court in denying the application were based on the prohibition contained in §§ 53-124.02 and 53-124.03, which we have now declared to be unconstitutional. Therefore, the judgment of the district court is reversed, and the cause is remanded with

directions to remand the cause to the Nebraska Liquor Control Commission for a redetermination of the license application, without regard to the offending legislation.

To the extent that *Safeway Stores, Inc. v. Nebraska Liquor Control Commission*, 179 Neb. 817, 140 N.W.2d 668 (1966), is in conflict with this opinion, it is overruled.

REVERSED AND REMANDED WITH DIRECTIONS.