GAS 'N SHOP, INC., A CORPORATION, APPELLANT, V. NEBRASKA LIQUOR CONTROL COMMISSION ET AL., APPELLEES.

427 N.W.2d 784

Filed August 19, 1988.   Nos. 86-905, 86-906, 86-907, 86-908, 86-909, 86-910, 86-911.

Donald L. Dunn, of Rembolt, Ludtke, Parker & Berger, for appellant.

Dana W. Roper, Chief Assistant City Attorney, for appellee City of Lincoln.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee Liquor Control Commission.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Each of these cases is an appeal by the plaintiff, Gas 'N Shop, Inc., from the orders of the district court, affirming the orders of the Nebraska Liquor Control Commission denying

the plaintiff's applications for class B liquor licenses (beer, off sale only) at the plaintiff's seven convenience stores located in Lincoln, Nebraska.

The plaintiff filed its first application for a class B license on October 25, 1985, for the Gas 'N Shop convenience store located at 400 West Cornhusker Highway. By a resolution dated November 25, 1985, the city council of the City of Lincoln recommended to the commission that the application be denied. The council based its recommendation of denial on the following findings: (1) The license would not comply with Lincoln Mun. Code § 6.08.100 (1981), which requires in part that all licensed premises be "separate and distinct from any other business activity"; (2) the area is already adequately served with existing licenses; (3) the applicant failed to demonstrate a need for the license, a true increase in service to the public, or an improvement to the neighborhood or a betterment to the community; (4) the present and future public convenience and necessity would not indicate that a license should be issued; (5) past liquor-related violations involving the applicant exist; (6) the existing population and the projected growth of the city would not warrant the issuance of the license; and (7) citizen opposition to the license had been received.

A formal hearing was held before the commission on January 17, 1986, at which time testimony was heard and evidence adduced, including the resolution of the city council and a copy of the pertinent ordinance. In its order dated January 23, 1986, the commission found:

1. That the applicant-corporation is fit, willing and able to provide the proposed services.

2. That the applicant-corporation can conform to all provisions, requirements, rules and regulations found in the Nebraska Liquor Control Act and the Rules of the Nebraska Liquor Control Commission.

3. That the applicant-corporation has demonstrated that the type of management and control exercised over the proposed licensed premises would be sufficient to ensure that the proposed licensed business would conform to all provisions, requirements, rules and regulations, found in the Nebraska Liquor Control Act.

4. That the local governing body recommended denial of said application.

5. That citizens protests were filed against said application.

6. That the issuance of this license would appear to violate Lincoln Municipal Ordinance No. 6.08.100.

7. That the issuance of this license is not required by the present or future public convenience and necessity.

8. That the application should be denied.

Subsequent to the filing of its application for a license at the 400 West Cornhusker location, the plaintiff filed six additional applications for licenses at its other six Lincoln stores, located at 951 West O Street, 3001 West O Street, 3000 Cornhusker Highway, 2142 North Cotner Boulevard, 2801 O Street, and 1545 Cornhusker Highway.

A joint hearing on these six applications was held before the city council on January 6, 1986, at which time the city council again recommended denial of the license applications for the same reasons given in its resolution on the first application.

A consolidated hearing on the six applications was held before the commission on February 27, 1986. The commission again heard testimony and received evidence regarding the applications. In each of the six orders, dated March 14, 1986, the commission again found that Gas 'N Shop was fit, willing, and able to provide the proposed services; that it could conform to all provisions, requirements, rules, and regulations found in the Nebraska Liquor Control Act, Neb. Rev. Stat. §§ 53-101 et seq. (Reissue 1984 & Cum. Supp. 1986), and the rules of the Nebraska Liquor Control Commission; and that it had demonstrated that the type of management and control exercised over the proposed licensed premises would be sufficient to ensure that Gas 'N Shop would conform to all provisions, requirements, rules, and regulations found in the Nebraska Liquor Control Act. However, the commission also found in each case:

4. That while all of the factors set forth in 53-132(3) have been considered they are not all of equal weight or significance and it is the general finding of the Commission that the issuance of this license is not

required by the present or future public convenience and necessity based upon the following specific findings of fact:

a. The local governing body recommended denial of said application.

b. The recommendation of denial was based in part upon Section 6.08.100 of the Lincoln Municipal Code which provides "(a) It shall be unlawful for any person or persons holding a license or licenses for the sale at retail of alcoholic liquor to keep, or sell the same except within duly licensed premises which are separate and distinct from any other business activity; provided, this subsection shall not apply to the retail sale of alcoholic liquor as part of a bowling alley, hotel, motel, club, or restaurant business; and provided, further, this subsection shall not apply to any nonconforming premises in existence on the effective date of this ordinance."

c. The City Council of the City of Lincoln found that the issuance of this license would violate the provisions of this ordinance.

d. Based upon the fact that the City of Lincoln found that the issuance would violate their separate and distinct ordinance, the application should be denied.

Following the commission's denials, the City of Lincoln filed with the commission a motion for rehearing and reconsideration of each of the six cases. In its motion, the city requested that the commission reconsider the wording of its order. In support of the motion, the city submitted a certified copy of ordinance No. 14345, passed by the city council on March 24, 1986, which amended § 6.08.100 to further define the separate and distinct requirements of off-sale liquor licenses, and which repealed § 6.08.100 as it existed at the time Gas 'N Shop made its applications and as it existed at the time of the commission's order. The city asked the commission to amend its order so as to reflect the current city ordinance. The commission denied each of the six motions.

In addition, the Lincoln Package Beverage Association filed a motion for rehearing and reconsideration in each of the six cases, requesting that the commission reconsider the reasons

for denial of the licenses. Each motion requested that two additional reasons be given for denying the licenses: (1) that the present and future public convenience and necessity indicate that the license should not be granted and (2) that the area is adequately served by existing licenses. The commission denied each of the six motions.

From the orders of denial entered by the commission, Gas 'N Shop filed a petition on appeal on each of the seven applications. The seven actions were consolidated for review by the district court. At the hearing on appeal the district court admitted into evidence the transcripts of each of the cases, the bills of exceptions from the two hearings before the commission, and excerpts of citizen protest testimony. In addition, the court received into evidence the city's motion for rehearing and the attached certified copy of the new city ordinance. This was received over Gas 'N Shop's objection that the motion or any attachments were irrelevant.

In *R.D.B., Inc. v. Nebraska Liquor Control Comm., ante* p. 178, 425 N.W.2d 884 (1988), we noted that the 1984 amendment to § 53-1,116 (Cum. Supp. 1986) eliminated de novo review in the district court and that the review in that court is upon "the record of the commission" and new evidence may not be received in the district court. To the extent that the district court in this case received and considered evidence other than the record before the commission, it was in error, and all such "new evidence" must be disregarded in our review of the orders of the commission.

The district court affirmed the commission's denial in each of the seven cases.

On appeal, Gas 'N Shop contends that the district court (1) erred in the interpretation and the construction of the findings and orders of the commission; (2) erred in determining that the decisions of the commission were supported by substantial evidence and were not unreasonable, arbitrary, or capricious; and (3) erred in failing to determine that Lincoln Mun. Code § 6.08.100 (1981) violates Neb. Const. art. III, § 18, by creating a discriminatory classification and thereby denying equal protection under the law.

As to the first two assignments of error, we need not consider

the merits in light of our recent decision in *R.D.B., Inc. v. Nebraska Liquor Control Comm., supra.* In that case we determined that the standard of review for appeals to this court from the Liquor Control Commission is de novo on the record under the Nebraska Administrative Procedure Act as set out in Neb. Rev. Stat. § 84-918 (Reissue 1981). This court, therefore, reaches its decision independent of all dispositions which have been made before, and we need only review the record made before the commission. *Haeffner v. State*, 220 Neb. 560, 371 N.W.2d 658 (1985).

In its third assignment of error, Gas 'N Shop alleges that § 6.08.100 is unconstitutional as a denial of equal protection under the U.S. and Nebraska Constitutions. At the time of the two hearings before the commission, and at the time of the commission's decision to deny the applications, § 6.08.100 (1981) stated:

> (a) It shall be unlawful for any person or persons holding a license or licenses for the sale at retail of alcoholic liquor to keep, or sell the same except within duly licensed premises which are separate and distinct from any other business activity; provided, this subsection shall not apply to the retail sale of alcoholic liquor as part of a bowling alley, hotel, motel, club, or restaurant business; and provided, further, this subsection shall not apply to any nonconforming premises in existence on the effective date of this ordinance.

On March 24, 1986, subsequent to the commission's denial but prior to the district court appeal, § 6.08.100 was amended. Section 6.08.100 (1986) now provides:

> (a) It shall be unlawful for any person or persons keeping or selling alcoholic liquor at retail for consumption off the premises to keep, or sell the same except within duly licensed premises which are separate and distinct from any other business activity. Premises shall be deemed separate and distinct only when located in a building which is not adjacent to any other building, or, when located within the same building, they shall be so separated by walls (floor to ceiling) that access cannot be had directly from the area of alcoholic liquor sales to any

other business activity by means of doors or other openings; provided, nothing contained herein shall prevent the construction or maintenance of doors that are used by employees only; and provided, further, any nonconforming premises in existence on the effective date of this ordinance may be continued although such premises do not conform to the provisions hereof. Three (3) years from the effective date of this ordinance, such premises must be in compliance with this section. Such nonconforming premises may not be enlarged, extended, or restored after damage during the interim. For the purposes of this section, "other business activity" shall mean the sale or display of any food, produce, mercantile product, item or service other than keeping or selling of alcoholic liquors at retail for consumption off the premises and the sale or display of ice, drink mix, tobacco, cups, or carbonated beverages.

In its brief the City of Lincoln alleges that the issue of constitutionality has been rendered moot due to the fact that § 6.08.100 (1981), as it existed at the time of the decision, no longer exists. As support for this proposition, it cites *Hall v. Beals*, 396 U.S. 45, 90 S. Ct. 200, 24 L. Ed. 2d 214 (1969), in which the U.S. Supreme Court held that the plaintiffs' action to hold unconstitutional a provision of Colorado's statute regarding voting rights of new residents was moot based in part on the fact that the statute was amended prior to the time the case reached the Supreme Court. The plaintiffs had challenged the requirement that a person must reside in the state for not less than 6 months prior to the election in order to be eligible to vote. Colorado later amended the statute so as to require only a 2-month residency for eligibility to vote. The Supreme Court stated:

[T]he recent amendatory action of the Colorado Legislature has surely operated to render this case moot. We review the judgment below in light of the Colorado statute as it now stands, not as it once did. . . . And under the statute as currently written, the appellants could have voted in the 1968 presidential election. The case has therefore lost its character as a present, live controversy of

the kind that must exist if we are to avoid advisory opinions on abstract propositions of law. 396 U.S. at 48.

The Court appears to have based its finding of mootness on the fact that the new statute did not prevent the plaintiffs from voting, as was the case with the prior statute. The present case, however, is factually distinguishable in that Gas 'N Shop is still prohibited from obtaining a liquor license under the ordinance as amended on March 24, 1986.

In its present posture, the issue presented in this case is the validity of § 6.08.100 prior to the March 24, 1986, amendment. Because this is a question of law, this court has an obligation to reach its conclusion independent from any conclusion reached by the trial court. *Ames v. George Victor Corp.*, 228 Neb. 675, 424 N.W.2d 106 (1988); *Communications Workers of America v. Abrahamson*, 228 Neb. 335, 422 N.W.2d 547 (1988).

The Nebraska Liquor Control Act provides that the power to regulate all phases of the manufacture, distribution, sale, and traffic in alcoholic liquors is vested exclusively with the Liquor Control Commission, except as otherwise provided in the act. § 53-116 (Reissue 1984). Section 53-147 (Reissue 1984) authorizes the governing bodies of cities and villages to regulate by ordinance the business of all retail or bottle club licensees carried on within their corporate limits provided that any ordinance not be inconsistent with the provisions of the act. In *Phelps Inc. v. City of Hastings*, 152 Neb. 651, 42 N.W.2d 300 (1950), this court held that an ordinance may impose stricter regulations than contained in the Nebraska Liquor Control Act, without violating the statutory requirement that an ordinance not be inconsistent with the act. The ordinance at issue here was, therefore, within the scope of the regulatory power of the City of Lincoln. The issue to be determined is whether the ordinance is unconstitutional as a violation of equal protection.

The power of the state to absolutely prohibit the manufacture, sale, transportation, or possession of intoxicants includes the power to prescribe the conditions under which alcoholic beverages may be sold, and it may exercise large discretion as to the means employed in performing this power.

*Major Liquors, Inc. v. City of Omaha,* 188 Neb. 628, 198 N.W.2d 483 (1972).

"The right to engage in the sale of intoxicating liquors involves a mere privilege; and restrictive regulations or even a suppression of the traffic do not deprive persons of property without due process of law, violate the privileges or immunities clause, the due process clause, the uniformity provisions, nor, unless they contain irrational classifications or invidious discriminations, the equal protection of the law as prohibited by the state and federal Constitutions."

*Bali Hai', Inc. v. Nebraska Liquor Control Commission,* 195 Neb. 1, 8, 236 N.W.2d 614, 618 (1975). However, justification for classification must exist, and purely arbitrary treatment cannot be sustained. *Tom & Jerry, Inc. v. Nebraska Liquor Control Commission,* 183 Neb. 410, 160 N.W.2d 232 (1968).

"A legislative classification must operate uniformly on all within a class which is reasonable. Exemptions are allowed where they are made applicable to all persons of the same class similarly situated." *Casey's Gen. Stores v. Nebraska Liq. Cont. Comm.,* 220 Neb. 242, 243, 369 N.W.2d 85, 87 (1985).

"While it is competent for the Legislature to classify for purposes of legislation, the classification, to be valid, must rest on some reason of public policy, some substantial difference of situation or circumstance, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects to be classified."

*Tom & Jerry, Inc. v. Nebraska Liquor Control Commission, supra* at 417, 160 N.W.2d at 237.

Gas 'N Shop argues that the ordinance fails to treat all dual business operators equally and creates two classes (those which can sell alcohol in the course of operating another business and those which cannot) where, in fact, only one exists.

The effect of the ordinance, it argues, is to prohibit the issuance of liquor licenses to some members of a class while excepting from such prohibition similarly situated members of that class (that being bowling alleys, hotels, motels, clubs, and restaurants).

This court has previously addressed this issue in *Casey's Gen. Stores, supra*. In that case, the appellant, Casey's, alleged that it was denied equal protection under §§ 53-124.02 and 53-124.03 (Reissue 1984). Section 53-124.02 prohibited a person from acquiring a beneficial interest in more than a total of two alcoholic beverage retail licenses. However, under § 53-124.03, the two-license limit was not applicable to licenses

> (1) issued to any city of the primary or metropolitan class to be used in city-owned facilities open to the public; (2) issued to a person for use in connection with the operation of a hotel containing at least twenty-five sleeping rooms; (3) issued to a person for use in connection with the operation of a bowling establishment containing at least twelve bowling lanes; (4) restricted to on premise sale of beer only in a restaurant; or (5) issued to a person for use in connection with the operation of a restaurant having food sales of at least sixty per cent of its total gross sales, except that any license issued under this subdivision shall restrict consumption of alcoholic liquors to on the premises only.

We held that the numerous exemptions rendered obsolete the original rationale for the two-license limit, which had been that a limitation on the number of licenses would protect local Nebraska operations by curbing a possible monopoly of the liquor business by chain stores.

We held that the classifications in §§ 53-124.02 and 53-124.03 treated classes similarly situated differently without substantial justification, and as such were a violation of equal protection under the U.S. and Nebraska Constitutions.

We stated:

> There is no rationale for treating a chain restaurant, such as Pizza Hut, any differently from a chain of convenience stores, such as Casey's. At either one a person may purchase food as well as alcohol, and both would require proof of legal age in order to purchase alcoholic beverages. The only distinction is that the alcoholic beverages purchased at the convenience store will be drunk off the premises. This difference, however, presents no distinctive corollary to furthering temperance, as an

individual may drink as much in a private restaurant as he may at home or elsewhere.

Further, the lifting of the two-license limit does not open wide the door to a flood of liquor licenses. Every applicant must still file an application, establish capability for handling such responsibility, and meet with liquor control approval before a license is granted.

220 Neb. at 245-46, 369 N.W.2d at 88.

The judgment of the district court was reversed and the cause remanded to the district court with directions to remand the cause to the Nebraska Liquor Control Commission for a redetermination of the license application without regard to the unconstitutional statutes.

The question here is whether § 6.08.100 also treats similarly situated classes differently without substantial justification. It would appear that by exempting bowling alleys, hotels, motels, clubs, and restaurant businesses from the "separate and distinct" requirement, the ordinance fails to treat all persons within the class of dual business operators equally, and does prohibit the issuance of liquor licenses to some members of the class while exempting others from the prohibition.

The question to be determined is whether this distinction is made without justification and, as such, is a violation of equal protection. In the statement of policy in the Nebraska Liquor Control Act, it is declared that one of the policies of the act is to "promote adequate, economical, and efficient service by licensees selling alcoholic liquor within the State of Nebraska, without unjust or undue discrimination, preference, or advantage." § 53-101.01(2) (Reissue 1984). The ordinance in question directly violates that stated policy.

Another policy is to "promote the health, safety, and welfare of the people of the State of Nebraska and encourage temperance in the consumption of alcoholic liquor . . . ." § 53-101.01(4). As in *Casey's Gen. Stores v. Nebraska Liq. Cont. Comm.*, 220 Neb. 242, 369 N.W.2d 85 (1985), the distinctions made between a convenience store and a bowling alley, hotel, motel, etc., do not bear a rational relation to the furthering of temperance.

In *Joe and Al's IGA, Inc. v. Nebraska Liquor Control*

*Commission*, 203 Neb. 176, 277 N.W.2d 693 (1979), where from the record we determined there was no valid reason for the commission's denying the application for a retail package liquor license for a grocery store, and its action was therefore arbitrary and unreasonable, we affirmed the judgment of the district court reversing the order of the commission and directing that the license be issued. We think the record supports a similar result in these cases.

The judgment of the district court in each case is reversed and the cause remanded with directions to enter a judgment in each case ordering the commission to issue the license applied for by the plaintiff.

REVERSED AND REMANDED WITH DIRECTIONS.