REQUESTED BY: Senator Douglas A. Kristensen, District 37 Nebraska State Legislature
Whether the amended version of LB 781 addresses the objections the Supreme Court had to LB 911 with regard to delegation of legislative authority and whether LB 781, as amended, may be successfully defended from further constitutional attack based on the unconstitutional delegation of legislative authority.
No.
As the opinion request noted, LB 781 is a legislative response to a recent Nebraska Supreme Court decision in Bosselman, Inc. v. State, 230 Neb. 471, ___ N.W.2d ___ (1988). In Bosselman, the court concluded that LB 911, enacted by the Eighty-Ninth Legislature in 1986, was an unconstitutional delegation of the State's legislative power to local governing bodies.
In Bosselman, the court held that a delegation of authority must provide the local governing bodies with "adequate, sufficient, and definite standards within which they are to exercise their discretion." Id. at 477, ___ N.W.2d at ___. In Bosselman, the court found LB 911 lacking in two respects. First, LB 911, which amended Neb.Rev.Stat. § 53-137(7) (Reissue 1988), provided that local governing bodies were not limited to the licensing criteria enumerated therein; and secondly, that § 53-134.01
allowed local governing bodies to adopt by ordinance, more restrictive licensing standards than those of the Liquor Commission, based on that particular community's needs or standards.
LB 781 has attempted to address those objections by limiting the local governing bodies' deliberations to designated criteria and by removing the provision which allows local governing bodies to adopt by ordinance, more restrictive licensing standards than those of the Liquor Commission.
Although the specific provisions that the court found to be unconstitutional in Bosselman have been removed, the proposed criteria contained in LB 781 are not sufficiently adequate or definite standards which may be successfully defended from further constitutional attack based on Nebraska Constitution, Article II, Section 1. In Lincoln Dairy Co. v. Finigan, 170 Neb. 777, 104 N.W.2d 227 (1960), milk processors challenged as an unconstitutional delegation a statute which empowered the Director of the Department of Agriculture and Inspections to adopt by regulation minimum standards for Grade A milk products in general compliance with the Milk Ordinance and Code of the U.S. Public Health Service, violation of which would constitute a misdemeanor. The court held that the statute unconstitutionally delegated to an administrative officer the Legislature's power to define crimes. The court stated that the limitations of the power granted by the Legislature and the standards by which the granted powers are to be administered must be clearly and definitely stated in the authorizing act.
In Ewing v. Bd. of Equalization, 227 Neb. 798,420 N.W.2d 685 (1988), a suit was brought challenging the constitutionality of a statute dealing with tuition charged by school districts receiving nonresident high school students. In holding a portion of the statute unconstitutional, the court noted that the power delegated by the statute is the power to levy a tax, and the tax was not clearly limited as to amount and purpose. The court noted that the controlling issue on this point is that the delegation must be limited to a determinable degree.
The court also addressed the issue of the delegation of authority in State ex rel. Douglas v. Neb. Mortgage Finance,204 Neb. 445, 283 N.W.2d 12 (1979). In that case, the court held that the Mortgage Finance Fund Act did not result in the impermissible delegation of powers reserved to the Legislature. The court noted that a legislative enactment may properly confer general powers upon an administrative agency and delegate to the agency the power to make Rules and Regulations concerning the details of the legislative purpose. The court noted that the standards used in conferring discretionary power upon an administrative agency must be reasonably adequate, sufficient, and definite for the guidance of the agency in the exercise of the power conferred upon it and must also be sufficient to enable those affected to know their rights and obligations.
LB 781 would amend the Nebraska Liquor Control Act by providing twenty-two criteria to be used in an application for a retail liquor license. The criteria to be used by a local governing body are identical to the criteria which would be used by the Commission. The Act provides for only consideration of the listed criteria and does not empower a local governing body to enact ordinances with more restrictive licensing standards. Therefore, the two specific provisions which were held unconstitutional by the court in Bosselman have been eliminated. However, the proposed criteria do not provide adequate, sufficient, and definite standards within which the local governing body may exercise their discretion. In particular, § 53-132(3)(i), (j), and (r) are vague and do not appear to set a definite standard. These subsections are several of the enumerated criteria and read as follows:
 "(i) The nature of the neighborhood or community where the proposed premises are located;
 "(j) Whether the type of business or activity proposed to be operated or presently operated in conjunction with the proposed license is and will be consistent with the public interest;
 "(r) Whether the application will provide an improvement to the neighborhood, a betterment for the community, or an increase in service to the public at large."
Additionally, § 53-134 would provide that the designated criteria prescribed in the subsections shall not necessarily be of equal value that can be computed in a mathematical formula. Such designated criteria shall be weighed and cumulated positively and negatively. It shall be the applicant's duty to produce evidence pertaining to the designated criteria prescribed in this subsection. The burden of proof and persuasion shall be on the party filing the application.
In reviewing the criteria listed above, it appears that a local governing body would have the discretion to deny any application if the applicant failed to prove that he would provide an improvement to the neighborhood, a betterment to the community, or an increase in service to the public at large, or if the applicant failed to prove that the proposed license would be consistent with the public interest. Arguably, a local governing body could take the position that any retail liquor license would not be an improvement to the community nor would it be consistent with the public interest. Additionally, since the factors are only weighed in a positive and negative fashion and a mathematical formula is not applied, it would appear that an application could be denied solely on the basis of the applicant's inability to prove that the proposed license would be consistent with the public interest. The standard is also sufficiently vague that it would be difficult for an applicant to garner evidence which would establish that all of the criteria have been met. This standard does not appear to meet the test of enabling those affected to know their rights and obligations as required in Neb. Mortgage Finance, supra. Although an applicant may be required to prove its fitness and willingness to provide the service proposed, its ability to conform to the Rules and Regulations of the Nebraska Liquor Control Act, that the management and control exercised over the premises will ensure compliance with such Rules and Regulations, and that the issuance of the license is or will be required by the present or future public convenience and necessity; it seems unreasonable to require the applicant to prove that the license will be consistent with the public interest and will provide an improvement to the neighborhood. See, Kerry's Inc. v. Nebraska Liquor Control Commission, 213 Neb. 442, 329 N.W.2d 364 (1983).
The proposed delegation also appears to violate equal protection provisions of the United States and Nebraska Constitutions. In addressing equal protection with respect to liquor licenses, the Nebraska Supreme Court has said:
 "The right to engage in the sale of intoxicating liquors involves a mere privilege; and restrictive regulations or even a suppression of the traffic do not deprive persons of property without due process of law, violate the privileges or immunities clause, the due process clause, the uniformity provisions, nor, unless they contain irrational classifications or invidious discriminations, the equal protection of the law as prohibited by the state and federal Constitutions." Bali Hai', Inc. v. Nebraska Liquor Control Commission, 195 Neb. 1, 8, 236 N.W.2d 614, 618 (1975). However, justification for classification must exist, and purely arbitrary treatment cannot be sustained. Tom Jerry, Inc. v. Nebraska Liquor Control Commission, 183 Neb. 410, 160 N.W.2d 232 (1968).
 "A legislative classification must operate uniformly on all within a class which is reasonable. Exemptions are allowed where they are made applicable to all persons of the same class similarly situated." Casey's Gen. Stores v. Nebraska Liq. Cont. Comm., 220 Neb. 242, 243, 369 N.W.2d 85, 87 (1985).
 "While it is competent for the Legislature to classify for purpose of legislation, the classification, to be valid, must rest on some reason of public policy, some substantial difference of situation or circumstance, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects to be classified."
 Tom Jerry, Inc. v. Nebraska Liquor Control Commission, supra at 417, 160 N.W.2d at 237. Gas 'N Shop v. Nebraska Liquor Control Commission, 229 Neb. 530, 539, ___ N.W.2d ___ (1988).
In the proposed legislation, local governing bodies may make a binding recommendation to the Commission on license applications or the local governing body may leave the decision to the Commission. No criteria are included which would guide the local governing body in determining whether the local governing body will submit a binding recommendation to the Commission. Presumably, the local governing body may decide to submit a binding recommendation to the Commission for any reason or for no reason at all. Additionally, either the local governing body or the Commission may suspend, cancel or revoke a license.
By their very nature, it would appear that local governing bodies would apply a local standard in rendering a decision on applications, suspensions, cancellations and revocations while the Commission would apply a state standard. It appears that a classification for local decisions and a classification for Commission decisions have been created. However, no criteria have been established to determine under which classification a particular application, suspension, cancellation or revocation will be processed. Since this legislation does not appear to operate uniformly on all applicants and licensees and no justification for the distinction exists, it violates equal protection provisions.
These equal protection violations also appear in the appeal procedures. In the past, the Nebraska Supreme Court has held that the standards for the Administrative Procedures Act are applicable to appeals from decisions of the Commission. See Gas 'N Shop, supra. Since a local governing body does not qualify as an administrative agency under the Neb.Rev.Stat. § 84-901, the appeal standards contained in the Administrative Procedures Act do not apply to local governing bodies. Therefore, an appeal from an application may be judged on different standards of review, depending on which body made the decision.
Similarly, since the Administrative Procedures Act applies to the Commission, all actions taken by the Commission should conform to requirements to the Administrative Procedures Act. The procedures provide for the Commission to serve a party with a notice of denial but do not provide for a hearing by the Commission and therefore, do not conform to the Administrative Procedures Act. Since the Commission is required to act in contested cases, but is not required to follow the Administrative Procedures Act, an applicant is denied due process of law.
For these reasons, we believe LB 781 cannot be successfully defended against attacks of unconstitutional delegation of legislative authority.
Sincerely,
ROBERT M. SPIRE Attorney General
Elaine A. Catlin Assistant Attorney General