GAS 'N SHOP, INC., A NEBRASKA CORPORATION, APPELLEE, V. CITY OF KEARNEY, A MUNICIPAL CORPORATION, APPELLANT.
539 N.W.2d 423

Filed November 3, 1995.   No. S-93-1030.

Michael E. Kelley, Kearney City Attorney, for appellant.

Donald L. Dunn, of Rembolt Ludtke Parker & Berger, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

GERRARD, J.

## I. INTRODUCTION

The defendant, City of Kearney, appeals from a judgment of the district court for Buffalo County, granting the request of the petitioner, Gas 'N Shop, Inc., for a declaratory judgment and finding Kearney's zoning ordinance requiring "separate and distinct" premises for off-sale liquor license holders unconstitutional, void, and ineffective as to the conduct of Gas 'N Shop's business. We conclude that the findings of the district court were correct, and we affirm the judgment.

## II. FACTUAL BACKGROUND

To better appreciate the true nature of the current controversy between these parties, it is helpful to have some factual background of the antecedent lawsuit between these two very familiar adversaries. Gas 'N Shop has owned and operated a convenience store in Kearney since November 1987. Initially, the location Gas 'N Shop selected in Kearney was zoned for residential use. While negotiating for the purchase of this site, a representative of Gas 'N Shop approached the Kearney City Council to secure the needed change of zone. At that time, Gas

'N Shop represented to the city council that it did not intend to sell alcohol at the proposed Kearney location. The city council then granted Gas 'N Shop its requested zoning change from residential to C–3, a commercial zone. In October 1987, Kearney adopted an ordinance which eliminated the sale of package liquor from zoning categories C–1 through C–3, the commercial zones of the city, and contemporaneously adopted an ordinance which amended zoning categories C–2 and C–3 to include package liquor sales subject to certain liquor license standards.

On December 12, 1988, subsequent to this court's decision in *Bosselman, Inc. v. State*, 230 Neb. 471, 432 N.W.2d 226 (1988), Gas 'N Shop applied for a class B (beer only) off–sale liquor license through the city, and a hearing was held before the city council. This application was denied, and Gas 'N Shop appealed the denial to the Nebraska Liquor Control Commission (Commission). On February 15, 1989, the Commission heard Gas 'N Shop's appeal and denied the same on March 1. Gas 'N Shop appealed the Commission's decision to the district court for Lancaster County which, on January 24, 1990, reversed the Commission's decision and remanded, with an order for the Commission to issue a class B (beer only) off–sale liquor license to Gas 'N Shop.

This court affirmed the order of the Lancaster County District Court on November 13, 1992, holding that "convenience stores may not be treated differently from other operations which combine the sale of liquor with the sale of other merchandise or services, for the differing treatment bears no reasonable relationship to the State's policy of furthering temperance." *Gas 'N Shop v. Nebraska Liquor Control Comm.*, 241 Neb. 898, 905, 492 N.W.2d 7, 12 (1992) (*Gas 'N Shop II*).

On February 14, 1989, 1 day prior to Gas 'N Shop's hearing before the Commission, Kearney amended its zoning ordinance to specifically include separate and distinct premises language nearly identical to that which had been found unconstitutional as a licensing requirement by this court in *Hy–Vee Food Stores v. Nebraska Liquor Control Comm.*, 242 Neb. 752, 497 N.W.2d 647 (1993). Kearney's separate and distinct premises zoning requirement pertained only to C–2 and C–3 zoning

designations. Package stores or taverns which sold alcohol in original containers or for consumption off the premises could only operate in C-2 or C-3 designated areas, while restaurants and private clubs which sold alcohol on premises could operate in C-1 through C-3 designated areas. Gas 'N Shop is located in a C-3 zone. The relevant portion of ordinance No. 4069 (codified as article I, § 13(11), of Kearney's zoning code), which was passed on February 14, 1989, and was effective on March 1, reads as follows:

> In District C-3, no building . . . shall be used . . . except for . . . the following uses:
>
> . . . .
>
> 11. Sale of alcoholic liquors and alcoholic beverages in original packages or for consumption off the premises must be conducted from premises which are separate and distinct from any other business activity. Premises shall be deemed separate and distinct only when located in a building which is not adjacent to any other building, or, when located within the same building, they shall be so separated by walls (floor to ceiling) that access cannot be had directly from the area of alcoholic liquor sales to any other business activity by means of doors or other openings; provided, nothing herein shall prevent the construction or maintenance of doors that are used by employees . . . . For the purposes of this ordinance "other business activity" shall mean the sale or display of any food, produce, mercantile product, item or service other than keeping or selling of alcoholic liquors at retail for consumption off the premises and the sale or display of ice, drink mix, tobacco, cups, or carbonated beverages.

On January 27, 1993, 1 day before the Commission was to issue Gas 'N Shop its class B liquor license, Kearney informed Gas 'N Shop that it would be in violation of the city's zoning ordinance if it sold beer from its present premises.

### III. DISTRICT COURT PROCEEDINGS

Gas 'N Shop filed suit in the Buffalo County District Court on January 28, 1993, seeking a declaratory judgment, temporary restraining order, and temporary injunction against

the enforcement by Kearney of its zoning ordinance requiring separate and distinct premises, and Gas 'N Shop obtained a temporary restraining order from the district court on that date. On February 8, Kearney demurred to Gas 'N Shop's petition, claiming that the petition failed to state facts sufficient to constitute a cause of action and that Gas 'N Shop had failed to serve a copy of the proceedings on the Attorney General as required by Neb. Rev. Stat. § 25-21,159 (Reissue 1989).

A hearing concerning whether the temporary injunction should be entered was held on February 9, 1993. At this hearing, both parties presented evidence which ultimately became the record upon which the district court made its decision concerning the merits of the case. The district court took this matter under advisement on February 9. The record shows that Kearney filed an answer and counterclaim on February 10, wherein Kearney requested a temporary restraining order and temporary injunction be issued restraining Gas 'N Shop from continuing to carry on the sale of beer from its premises in the city. The record further reflects that Gas 'N Shop served the Attorney General with a copy of the proceedings on February 11, pursuant to § 25-21,159. On February 18, the district court overruled Kearney's demurrer and issued a temporary injunction in favor of Gas 'N Shop, restraining Kearney from taking any action to enforce article I, § 13(11), of the zoning code until further order of the court.

The final hearing on the merits of the case was held on August 23, 1993, at which time the record from the February 9 proceeding was stipulated by the parties as the final record in the case. It was from this record that the district court issued its September 16 findings that (1) Gas 'N Shop is within the class of businesses known as "dual business operators"; (2) the on-sale/off-sale distinction created by a separate and distinct premises requirement is violative of the Equal Protection Clause; (3) the evidence did not establish or meet a policy of promoting the health, safety, or welfare of the people of the state and encourage temperance; and (4) the policy considerations for the zoning ordinances of Kearney are similar to those policy considerations relevant to liquor license issuance, and nothing in the evidence established that Kearney's

discriminatory application of zoning ordinances to dual business operators would advance those policies underlying the zoning ordinances.

The district court found that Gas 'N Shop was entitled to the declaratory judgment relief sought and entered judgment against Kearney and held that article I, § 13(11), of Kearney's zoning code was unconstitutional, void, and ineffective as to the conduct of Gas 'N Shop's business.

## IV. ASSIGNMENTS OF ERROR

Kearney assigns eight errors, which we summarize as follows: The district court erred (1) in failing to apply principles of zoning law when it found article I, § 13(11), of the zoning code to be unconstitutional; (2) in finding that the zoning ordinance discriminates against dual purpose operators; and (3) in finding that nothing in the evidence established that the zoning ordinance was reasonably related to health, safety, morals, or general welfare concerns of the community.

## V. SCOPE OF REVIEW

An action to declare a zoning ordinance void and to enjoin its enforcement is equitable in nature. *Whitehead Oil Co. v. City of Lincoln*, 245 Neb. 680, 515 N.W.2d 401 (1994); *Giger v. City of Omaha*, 232 Neb. 676, 442 N.W.2d 182 (1989).

In an appeal from an equitable action, the reviewing court reviews the action de novo on the record and reaches a conclusion independent of the factual findings of the lower court, subject to the rule that where credible evidence is in conflict on material issues of fact, the reviewing court may consider and give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another. *Whitehead Oil Co. v. City of Lincoln,* 245 Neb. 660, 515 N.W.2d 390 (1994); *Giger v. City of Omaha, supra*.

## VI. ANALYSIS

Without question, Kearney seeks to do with its zoning code what it cannot do through its liquor licensing laws, that is, to effectively prevent Gas 'N Shop from selling beer within the city. To effect its will, Kearney, 1 day prior to the Commission hearing, amended its zoning code to specifically include a

provision which had been part of the city's liquor licensing law, requiring an off–sale alcohol beverage retailer to sell alcoholic beverages only from premises which are separate and distinct from the sale of other products. We have either disapproved of or found unconstitutional separate and distinct premises requirements in the context of liquor licensing laws in no less than five separate cases. *Hy–Vee Food Stores v. Nebraska Liquor Control Comm.*, 242 Neb. 752, 497 N.W.2d 647 (1993); *Gas 'N Shop v. Nebraska Liquor Control Comm.*, 241 Neb. 905, 492 N.W.2d 12 (1992) (*Gas 'N Shop III*); *Gas 'N Shop II*; *Pump & Pantry, Inc. v. City of Grand Island*, 233 Neb. 191, 444 N.W.2d 312 (1989); *Gas 'N Shop v. Nebraska Liquor Control Comm.*, 229 Neb. 530, 427 N.W.2d 784 (1988) (*Gas 'N Shop I*). Kearney now argues that notwithstanding the fact separate and distinct premises requirements have been held unconstitutional in the context of liquor licensing schemes, this same requirement is not unconstitutional as a part of a zoning ordinance.

## 1. EQUAL PROTECTION VIOLATION

### (a) Creation of Classification

To successfully challenge the validity of a zoning ordinance, the party challenging must prove that the conditions imposed by the city in adopting the zoning ordinance were unreasonable, discriminatory, or arbitrary, and that the regulation bears no relationship to the purpose sought to be accomplished by the ordinance. *Giger v. City of Omaha, supra.* The validity of a zoning ordinance will be presumed in the absence of clear and satisfactory evidence to the contrary. *Id.* However, a legislative classification must operate uniformly on all within a class which is reasonable. *Casey's Gen. Stores v. Nebraska Liq. Cont. Comm.*, 220 Neb. 242, 369 N.W.2d 85 (1985).

Gas 'N Shop clearly established at trial that it is within the class of businesses known as dual business operators: those who sell both alcoholic beverages and other merchandise or services. See *Gas 'N Shop I*. Moreover, Gas 'N Shop established that Kearney's zoning ordinance, requiring separate and distinct premises for sale of alcohol in C–2 and C–3 designated areas, distinguished between members of this class, specifically,

between dual business operators with off–sale liquor licenses and those with on–sale liquor licenses. In *Casey's Gen. Stores v. Nebraska Liq. Cont. Comm., supra*, we addressed liquor license legislation which treated convenience stores differently from, among other things, restaurants. In declaring the legislation unconstitutional, we stated:

> At either one [a convenience store or a restaurant] a person may purchase food as well as alcohol . . . . The only distinction is that the alcoholic beverages purchased at the convenience store will be drunk off the premises. This difference, however, presents no distinctive corollary to furthering temperance, as an individual may drink as much in a private restaurant as he may at home or elsewhere.

*Id*. at 245–46, 369 N.W.2d at 88. Accord *Hy–Vee Food Stores v. Nebraska Liquor Control Comm., supra*.

Likewise, Kearney has not presented us with a distinctive corollary tying off–premises consumption of alcohol to a legitimate zoning purpose. In addition to the general concerns of the health, safety, and welfare of the people, Kearney's zoning code is concerned with, but not limited to, safety from fire, provision of adequate light and air, and prevention of overcrowding of land. Kearney did not present any evidence which would allow us to conclude that a separate and distinct premises requirement is rationally related to any of the specific concerns of its zoning code. The evidence offered by Kearney was substantially testimony relevant to justifications for the denial of the issuance of a liquor license, not testimony specific to legitimate zoning considerations. For example, Kearney submitted the complete transcript of Gas 'N Shop's liquor license application hearing before the city council. In addition, Kearney offered the affidavits of the mayor and two council members. The affidavits addressed licensing concerns, such as control and distribution of alcoholic beverages, impulse buying of alcohol, and making alcohol less affordable, none of which are concerns that are specific to zoning or provide a justification to treat convenience stores differently than restaurants in a city zoning scheme.

Moreover, the testimony of the expert witness called by Kearney, Dr. Friedner Wittman, actually supported the position

that the zoning restriction was meant to discriminate against dual business operators such as Gas 'N Shop. Dr. Wittman testified that studies indicate there is a direct correlation between the density of minimarts and restaurants and an increase in traffic accidents. In addition, Dr. Wittman testified that there is a direct correlation between the number of all alcohol outlets and automobile-related injuries.

Dr. Wittman's testimony cannot justify Kearney's disparate treatment of a dual business operator such as Gas 'N Shop. The separate and distinct premises zoning requirement does not affect restaurant on-sale alcohol service, and, yet, Dr. Wittman identified both restaurants and minimarts as the source of increased traffic accidents. The alleged correlation between the number of all alcohol outlets and automobile-related injuries also does not distinguish between convenience stores and other operations which combine the sale of liquor with the sale of other merchandise or services, e.g., restaurants.

Therefore, Gas 'N Shop carried its initial burden and established the existence of a legislative classification and disparate treatment of those within the class.

### (b) Lack of Legitimate Purpose Related to Zoning

Equal protection guarantees that similar persons will be dealt with similarly by the state, but does not foreclose the state from classifying persons or from differentiating one class from another when enacting legislation. *State v. Kubik*, 235 Neb. 612, 456 N.W.2d 487 (1990). To be valid, a classification must rest on some reason of public policy, some substantial difference of situation or circumstance, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects to be classified. *Gas 'N Shop I*. In addition, in an equal protection challenge, when a fundamental right or suspect classification is not involved in legislation, the legislative act is a valid exercise of police power if the act is rationally related to a legitimate governmental purpose. *State ex rel. Dept. of Health v. Jeffrey*, 247 Neb. 100, 525 N.W.2d 193 (1994).

We have held a separate and distinct liquor licensing ordinance which, within the class of dual business operators, distinguished between one with an off-sale liquor license and

one with an on–sale liquor license, was without justification. *Hy–Vee Food Stores v. Nebraska Liquor Control Comm.*, 242 Neb. 752, 497 N.W.2d 647 (1993). The record in this case demonstrates that in the context of zoning, just as in the context of liquor licensing, "[t]here is no rationale for treating a chain restaurant, such as Pizza Hut, any differently from a chain of convenience stores . . . . The only distinction is that the alcoholic beverages purchased at the convenience store will be drunk off the premises." *Casey's Gen. Stores v. Nebraska Liq. Cont. Comm.*, 220 Neb. 242, 245, 369 N.W.2d 85, 88 (1985). In addition, this court has repeatedly found separate and distinct premises requirements in the context of liquor licensing laws to be discriminatory without justification and not rationally related to its purported governmental purpose. See, e.g., *Hy–Vee Food Stores v. Nebraska Liquor Control Comm., supra*; *Gas 'N Shop III*; *Gas 'N Shop II*; *Pump & Pantry, Inc. v. City of Grand Island*, 233 Neb. 191, 444 N.W.2d 312 (1989); *Gas 'N Shop I*.

Thus, if Gas 'N Shop is to carry its burden, it must provide sufficient evidence to prove that the separate and distinct premises requirement in Kearney's zoning ordinance is not rationally related to the governmental purpose of the zoning code. Conversely, if Kearney is to support its zoning requirement of separate and distinct premises, then it must provide evidence that its restriction is rationally related to one of the purposes of the zoning code.

Gas 'N Shop demonstrated that the Kearney zoning requirement of separate and distinct premises cannot be justified by merely transferring an unconstitutional licensing standards requirement into a provision of the zoning code. The evidence showed that Kearney had previously attempted to justify this same separate and distinct provision as a liquor licensing standards requirement and that this requirement had repeatedly been held unconstitutional. Where a statute is challenged under the Equal Protection Clause, the general rule is that legislation is presumed to be valid. *Pick v. Nelson*, 247 Neb. 487, 528 N.W.2d 309 (1995). However, the general rule does not require that we turn a blind eye and rubber stamp as presumptively valid an ordinance which has repeatedly been found unconstitutional simply because it has been transferred from a

licensing standards section to a zoning section in a municipal code book.

The district court correctly recognized that the general principles which underlie Kearney's zoning code and Neb. Rev. Stat. § 53–101.01(1)(e) (Reissue 1993) of the Nebraska Liquor Control Act are very similar. Both the zoning code and the act expressly state that one purpose of each is to promote the health, safety, and welfare of the people. Thus, since the zoning code and the act serve the same general governmental purpose, if a separate and distinct premises requirement is unconstitutional as a liquor licensing requirement, then it must also be unconstitutional as a zoning requirement unless a separate and distinct premises requirement is rationally related to a governmental purpose *unique* to zoning.

Aside from general concerns of health, safety, and welfare of the people, Kearney's zoning code sets forth provisions dealing with adequate light and air, and proper planning to prevent overcrowding or misuse of land. Kearney did not adduce evidence demonstrating that the separate and distinct premises requirement was rationally related to furthering a legitimate governmental purpose of proper land use planning or any other legitimate purpose unique to zoning. Instead, the evidence offered by Kearney in support of the separate and distinct premises requirement related solely to the general concerns of health, safety, and welfare of the people. Concerns such as control and distribution of alcoholic beverages, impulse buying, and the correlation between the number of alcohol outlets and automobile–related injuries are general health, safety, and welfare concerns that are not unique to zoning and must be viewed under the same constitutional standard, whether in the context of liquor licensing or zoning provisions.

Kearney did not present evidence which would allow this court to find sufficient justification for Kearney's disparate treatment of dual business operators such as Gas 'N Shop, for the differing treatment bears no reasonable relationship to the city's policies set forth in its zoning code. Moreover, the record in both this and the antecedent lawsuit between these parties evinces a discriminatory intent by Kearney as noted by this court when we stated:

The record convinces us that the city's recommendation of denial was heavily influenced by its general aversion to licenses of the type in question and to permitting the sale of beer at premises such as the one in question, a facility popularly known as a convenience store, at which a variety of items, including foods and gasoline, are sold. The record also demonstrates that the city was swayed by its longstanding policy, codified into an ordinance, of recommending licensure only of those businesses devoted solely to the sale or dispensing of liquor or those for which the sale or dispensing of liquor constitutes a substantial integral, as distinguished from an incidental, part of the operation.

*Gas 'N Shop II*, 241 Neb. at 902, 492 N.W.2d at 10–11.

Nothing has substantially changed from the prior record. Kearney clearly seeks to do through its zoning ordinance what it has been told it may not do with its liquor licensing standards ordinance.

### VII. CONCLUSION

Thus, the district court was correct in concluding that article I, § 13(11), of Kearney's zoning code, requiring separate and distinct premises for off-sale liquor license holders in certain designated zoning areas, is unconstitutional and in violation of *Gas 'N Shop's* guarantee to equal protection under the law. The judgment of the district court is affirmed.

AFFIRMED.